## WILLIAMS *v.* McKEAND.[1]

WILLS—RESIDUARY CLAUSE—ENUMERATION OF RESIDUE—LAPSED LEGACIES.

Testator, after making several specific bequests, devised and bequeathed to a son "all the residue of my real estate and personal property not hereinbefore enumerated, as hereinafter described." Then followed specific descriptions of substantially all of testator's property not included in the bequests to others. *Held,* that the son was not entitled to take as residuary legatee any property—such as lapsed legacies —not enumerated in the bequest to him.

---

[1] Rehearing denied May 23, 1899.

Appeal from Oakland; Smith, J. Submitted June 17, 1898. Decided March 14, 1899.

Bill by Julien Williams and Flora Burt, executor and executrix of the last will and testament of Ferdinand Williams, deceased, against Mary McKeand, Ferdinand W. Tilden, Florence Cooper, and Forrest Bradley Wright, for a construction of said will. From a decree for defendants, complainants appeal. Affirmed.

*James H. McDonald* (*A. & S. H. Perry*, of counsel), for complainants.

*Bowen, Douglas & Whiting* (contending with complainants), for defendants Tilden and Cooper.

*Aug. C. Baldwin* (*Elliott G. Stevenson*, of counsel), for defendant McKeand.

*John H. Patterson* for defendant Wright.

MONTGOMERY, J. This bill was filed by the complainants, as executors of the last will and testament of Ferdinand Williams, deceased, late of Oakland county, Mich., to obtain a construction of the will. The estate consists of about $13,400 in cash, of household furniture, arms, stock and utensils on his farm, appraised at $692, and of real estate consisting of his home farm, located in Oakland county, appraised at $5,000, and of real estate (all vacant) located in the city of Detroit, appraised at about $115,000. The will was drawn by the testator, a man of liberal education, but not versed in law. The first clause appoints the complainants executor and executrix. The second makes certain bequests, including a life estate in the home farm, and all stock and tools thereon, to the wife of the testator, on condition that the wife make and deliver a good and sufficient release of dower on the whole of the residue of the real estate of which the testator should die possessed. These were followed by various other specific bequests to the children, and then follows a bequest to Julien as follows:

"To my son Julien Williams, his heirs, executors, and assigns, I do give, devise, and bequeath all the residue of my real estate and personal property not hereinbefore enumerated, as hereinafter described. [Here follows a description of lands.] I also give, devise, and bequeath to my son Julien Williams all my real estate in the township of Springwells, county of Wayne, State of Michigan, remaining after the aforesaid bequests, to wit: Lot number twelve (12) in the rear concession of private claim number thirty (30), also lot number thirty-seven (37), also lot number forty-seven (47), in said rear concession of private claim thirty (30), together with the rights, hereditaments, and appurtenances thereto belonging. Also I give to my son Julien my real estate in the county of St. Joseph, State of Michigan, to wit: Thirty-nine (39) acres of land adjacent to the village of Mottville, in said county and State, and also two blocks of lots, and three or four lots over and above said blocks, there pertain pertaining to me. I also give to my said son Julien all the arms of which I may die possessed, including guns, rifles, pistols, revolvers, etc. Also, I charge my said son Julien to pay out of his proper share, as herein set forth, all my debts and liabilities; also my necessary funeral charges."

This will was executed November 8, 1863. The testator survived until November 12, 1896. He survived his wife, who died April 29, 1892, and his son Saxton Cook Williams, who died February 20, 1893. The will, by its terms, disposed of substantially all the property which the testator had at its date, except the remainder in the farm after the life estate of the wife expired. Subsequently, the estate of the testator increased from $40,000 to about $135,000, which was its value at the time of Mr. Williams' death. The question which arises for discussion is whether, under the last clause, Julien Williams is entitled to take as residuary legatee the lapsed legacies and property not specifically disposed of, or whether this clause is a specific bequest to him of enumerated property. The learned circuit judge adopted the latter construction, and from his decree complainants appeal.

The question is not free from difficulty. We are not cited to any cases precisely in point. We are cited to

many cases in which a general residuary clause has been held effectual, although followed by enumeration of specific property less than the whole;[1] but in most instances these cases have been determined by the terms of the will, which were held to manifest an intention of naming a residuary legatee.. The rule that such a construction should be given as will, if possible, avoid intestacy, is invoked; also, the rule that the will speaks from the time of the death of the testator; and undoubtedly the intention should be sought with both rules in mind, but neither rule should be so applied as to extend the force of terms which are obviously restricted. *Gold* v. *Judson*, 21 Conn. 622. The will in question exhibits on its face an intention to specifically describe the property which the testator intended to give to each beneficiary. The fact that all the real estate was carefully described indicates this; but what is more persuasive is that, when the bequest to Julien is reached, the first reference is to such property as has not been already enumerated, showing that the testator had before him a list of all his property, or, at least, had it in mind. Having disposed of certain portions, he now proceeds to deal with what was remaining; and the conclusion is to our minds inevitable that he is attempting to deal, not with an uncertain holding, and that he did not have in mind after-acquired property, but he is still writing with the inventory before him. "All the residue of my real estate and personal property." That reference is to the definite property which he has in mind, and has started out to dispose of. He describes it, therefore, by

---

[1] Upon this point counsel cited *King* v. *George*, 36 L. T. N. S. 759; *Cambridge* v. *Rous*, 8 Ves. 26; *In re Goodyar's Goods*, 1 Swab. & T. 127, 4 Jur. N. S. 1243; *Bridges* v. *Bridges*, 8 Vin. Abr. 295; *Kendall* v. *Kendall*, 4 Russ. 360; *Dean* v. *Gibson*, L. R. 3 Eq. 713; *Fisher* v. *Hepburn*, 14 Beav. 626; *De Trafford* v. *Tempest*, 21 Beav. 564; *Swinfen* v. *Swinfen*, 29 Beav. 207; *Nugee* v. *Chapman*, Id. 290; *Hodgson* v. *Jex*, 2 Ch. Div. 122; *Chapman* v. *Chapman*, 4 Ch. Div. 800; *In re Champion*, 1 Busb. Eq. 246; *Clark* v. *Preston*, 2 La. Ann. 580; *Burnside's Succession*, 35 La. Ann. 708; *In re Miner's Will*, 72 Hun, 568, 146 N. Y. 121; *Floyd* v. *Carow*, 88 N. Y. 560; *Hardenbergh* v. *Ray*, 151 U. S. 112; *Martin* v. *Smith*, 124 Mass. 111; *Stout* v. *Stout*, 44 N. J. Eq. 479; *Le Rougetel* v. *Mann*, 63 N. H. 472.

excluding that which has been before enumerated, and describing specifically that which he intends to grant to Julien. The words which he employs are words of limitation and restriction, and we think should be so construed. While, as before stated, no case "on all fours" is cited, we think the following cases give support to the view here expressed: *Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Springett* v. *Jenings*, 6 Ch. App. 333; *Wheeler* v. *Brewster*, 68 Conn. 177.

In Redfield on Wills, in a note to page 110 of volume 2, the decision of the master of the rolls, Sir John Romilly, in *Re Kendalls' Trust*, 14 Beav. 608, is quoted, as follows: "As a general rule, I should consider that where a testator expresses that he gives to A. everything he dies possessed of, and afterwards enumerates what it is that he intends to give, the bequest would be confined to the specific enumeration;" and the learned author adds: "This, as it seems to us, brings this class of exceptions to one very intelligible point, and almost the only one to be extracted from the cases. How extensive its application may be is more questionable." If this test be applied to this case, we find that the construction contended for by the appellees must be adopted. Indeed, the case is stronger for the appellees than that put by the master of the rolls, in the language quoted; for in the present case the general words do not in terms extend to any other than the property owned at the time of the execution of the will, and it is as clear as language can make the intent that there is an attempt to enumerate what it is that the testator intends to give. This intention is not manifested alone by the fact of the enumeration (as was the fact in many of the cases cited by appellants), but is made manifest by the words which precede the enumeration, "*as* hereinafter described."

The decree of the circuit court accords with the construction which we have given the will, and will be affirmed.

The other Justices concurred.