## VAN GALLOW *v.* BRANDT.

1. EQUITY—DEMURRER—WAIVER—HEARING.
   Unless a defendant, who demurs to a bill of complaint, presents the points raised to the court by argument or objection, the demurrer is waived by going to a hearing on the merits.

2. EVIDENCE—WILLS—PAROL TESTIMONY TO EXPLAIN TERMS.
   Parol evidence is incompetent to vary or contradict the plain terms of a valid will.

3. SAME—SURROUNDING CIRCUMSTANCES OF TESTATOR.
   But the court may, in interpreting the language and construing the will in case the provisions are contradictory, or the terms ambiguous, consider the circumstances surrounding the testator when he made the will, and to that end may hear oral evidence as to the amount and nature of his property, his personal characteristics, his relations with and disposition towards those designated as objects of his bounty, and similar evidence as to his situation.

4. WILLS—PERPETUITIES—PAROL EVIDENCE RULE.
   *Held,* that the terms of a will devising property to testator's

sister, if she survived her husband, and in case of her death during the husband's life, to her children, and if any of them died under age and without issue the share of deceased to go to the remaining children, and providing that it was testator's will to exclude such husband from participation in the estate, were not so ambiguous as to require the aid of parol evidence, and did not violate the statute prohibiting perpetuities. (3 Comp. Laws, § 8797).

5. SAME—CONTINGENT REMAINDERS—VESTED ESTATES.

The law favors the construction of a will, if possible, so as to create vested estates.

6. SAME—PER CAPITA DISTRIBUTION—DEVISE.

As a general rule claimants take *per stirpes* only when they stand in unequal degrees of relationship to testator, and are of different classes, but when they are of equal degree of relationship and of the same class they take *per capita*.

7. SAME—CLASS.

A direction for division of certain specified property between members of a group, share and share alike, is construed as a direction to distribute *per capita*.

8. SAME—DISTRIBUTION—PARTITION.

Under a bill of complaint to construe a will, praying for a partition of decedent's estate, which contained both real and personal property, the court in chancery properly decreed that the probate court should make the distribution and partition in assigning the residue of the estate.

Appeal from Wayne; Hosmer, J. Submitted December 12, 1911. (Docket No. 71.) Decided March 12, 1912.

Bill by Charles Van Gallow and Joseph Van Gallow against Mary Theresa Brandt and others for the construction of a will. From a decree for defendants, complainants appeal. Affirmed.

*May & Dingeman*, for complainants.

*Jay Fuller*, for defendants.

STEERE, J. The purpose of complainants' bill is primarily to obtain a construction of the last will and testament of Francis Devroe, who died at Detroit, Mich., on March 14, 1909. Partition of the realty belonging to said

estate is also sought. The two complainants are children of a deceased sister of testator, Natalie Van Gallow by name, who had been dead 26 years when the will in question was made. It bears date August 9, 1902. Defendant Mary Theresa Brandt is testator's only living sister; the other defendants being her eight children, all over 21 years of age, and C. J. Termote, executor of said estate. Devroe had never married and was well advanced in years at the time of his death. When this suit was instituted, his will had been admitted to probate in Wayne county, and the executor had filed his final account; but owing to the pendency of this litigation the estate has not been distributed. It consists of realty valued at $4,500 and cash on hand, $3,155.70 after deducting all disbursements and expenses. Those portions of the will which give rise to this controversy and have a bearing on this issue before us are as follows:

"*Third.* Upon the death of said Caroline Ramsay I do hereby forever give, bequeath and devise said lot numbered fifty, described in paragraph 2 hereof, to Charles Van Gallow and to the children of my sister Mary Therese Brandt, in equal shares, share and share alike.

"*Fourth.* To Charles Van Gallow, Joseph Van Gallow and the children of my sister Mary Therese Brandt, I do hereby forever give, bequeath and devise, in equal shares, share and share alike, the west lot No. 65 upon which cottage No. 727 north side of Monroe avenue, between Chene street and Joseph Campau avenue, in said city of Detroit, is located, with all improvements thereon.

"*Fifth.* To my sister Mary Therese Brandt (if she survive her husband William Brandt), I hereby forever give, bequeath and devise the east lot No. 64 upon which cottage No. 729, north side of Monroe avenue, between Chene street and Joseph Campau avenue, in said city of Detroit, is located with all improvements thereon. In case my said sister (Mary Therese Brandt) should die before her husband, I hereby give, bequeath and devise forever the premises described in this paragraph five to the children of my said sister (Mary Therese Brandt). in equal shares, share and share alike, intending thereby that my brother-in-law (William Brandt), husband of my

said sister (Mary Therese Brandt), shall not in any manner whatever participate in my estate; neither as heir of his wife or any of his children, and to that end I do hereby ordain, and it is my will and intent, that in case any one or more of the children of my sister die under age and without issue, that his or her surviving brothers and sisters shall inherit such respective share of any deceased child to the absolute and complete exclusion of its or their father (William Brandt)."

"*Seventh.* The rest, residue and remainder of my estate real, personal and mixed, I do hereby forever give, bequeath and devise in equal shares, share and share alike, to Charles Van Gallow, Joseph Van Gallow and to the children of my sister, Mary·Therese Brandt (being my nephews and nieces). The devise and bequests to the Brandt children to be strictly governed and construed by the language, terms and intent as expressed in paragraph five of this my will relating to the absolute exclusion of their father (William Brandt) as if the same were in this paragraph fully repeated."

The record discloses that defendant Mary Theresa Brandt, by her counsel, demurred to complainants' bill—

" Because it appears by said bill that the same is exhibited against this defendant and the several other persons therein named as defendants thereto, for divers distinct matters and causes, in several whereof, as appears by the said bill, this defendant is not in any manner interested or concerned."

But she went to a hearing with the other defendants on the merits without urging or arguing the demurrer, and must be deemed to have waived the same. *Payne* v. *Avery,* 21 Mich. 524; *Snook* v. *Pearsall,* 95 Mich. 534 (55 N. W. 459); *Burnham* v. *Dillon,* 100 Mich. 352 (59 N. W. 176).

Upon the hearing numerous witnesses were sworn by both sides, who testified at length, not only as to surrounding conditions, and the relations of testator with his beneficiaries at the time of executing his will, but also detailing various statements and declarations made by him from time to time as to what disposition he intended to make of his property, and what provisions he had made, and proposed

to make, for his relatives. The announced object of this testimony was to illuminate ambiguities in the will and disclose the true intent of the testator. Objections were interposed at intervals by counsel on both sides, on the ground that the will is not ambiguous and "speaks for itself." We labor under the same uncertainty touching the attitude of counsel in making such objections as seem to have embarrassed the trial judge, who at one stage of the proceedings remarked, "If you are agreed upon that, I will strike out all the testimony;" but there is no record of any testimony having been stricken.

It is elementary that parol testimony is not admissible to contradict, subtract from, add to, or vary the plain terms of a valid will, yet, where the language is obscure or contradictory and the intent of the testator doubtful, the court may, in interpreting the language and constru-ing such instrument, consider the circumstances sur-rounding the testator when he made his will, and to that end may hear oral evidence as to the amount and nature of his property, his personal characteristics, his relations with and disposition towards those designated as objects of his bounty, and any other extraneous facts of like nature which might tend to disclose the actual situation at the time, to thereby better discover his true intent in the distribution of his property. *Tuxbury* v. *French*, 41 Mich. 7 (1 N. W. 904). While some of the testimony introduced would be admissible for such purpose, we think the will under consideration, read as a whole, fur-nishes few difficulties and quite clearly discloses the true intent of the testator, free from most, if not all, the am-biguities insisted on by the complainants.

It is complainants' contention that the "fifth" clause of the will is void because it violates the provisions of our statute as to perpetuities, which in part reads as follows:

"The absolute power of alienation shall not be sus-pended by any limitation or condition whatever, for a longer period than during the continuance of two lives in

being at the creation of the estate." Section 8797, 3 Comp. Laws.

For which reason it is claimed that the property described in said "fifth" clause belongs to the residuary devisees under the "seventh" clause in said will. After reciting and emphasizing the provisions of said fifth clause, counsel for complainants say in their brief:

"Both Mr. and Mrs Brandt are still alive. No conveyance of the fee can be made by Mary Theresa Brandt during the lifetime of her husband; no conveyance of the fee can be made by her children during the lifetime of the father and mother because of the possibility of other children. Assuming that Mrs. Brandt may have another child, the right of Mrs. Brandt to dispose of the fee of the property in question is suspended during the lifetime of William Brandt, and the right of alienation by the children is suspended during the lifetime of their mother, two lives in being, and the minority of such minor child."

Although Mrs. Brandt was 68 years of age at the time of the death of the testator, and all her children past their majority, counsel urge that, for the purpose of determining questions of remoteness, "a possibility of issue is always supposed to exist in law * * * even though the donees be each of them 100 years old," citing Blackstone's Commentaries, p. 125; Gray on Perpetuities, § 215; *List* v. *Rodney*, 83 Pa. 483, and other authorities. Assuming that this mythical, but supposable, offspring of Mrs. Brandt's declining years, may materialize, we cannot conclude that in either contingency specified in the clause under consideration there is outlined a perpetuity in violation of our statute. If there is anything in the will made perfectly clear and placed beyond any possibility of mistake, it is the intent that the brother-in-law, William Brandt, shall not participate in the estate. The peculiarities of the will are the result of a special effort to make that clear. The only beneficiaries under the fifth clause in the will are testator's sister and her children. The children's estate in expectancy, if it goes to them at all, passes upon the death of their mother, not their father. After

the mother's death the father might live forever and it would not matter. Should he die before his wife, her title in fee simple becomes absolute at once, and the expectancy of the children becomes a nullity. In either event the termination of one life in being frees the estate of all limitations except the possibility of further children being borne by Mrs. Brandt and in that remote event the limitation would not violate the statute. We see no reason why this mother and children, all being of age, acting in conjunction, could not, at any time, convey the whole fee in possession, subject only to the rights of future offspring of Mrs. Brandt.

We think that Mrs. Brandt took an estate in fee simple at the death of the testator subject to defeasance by her death before her husband. It was the manifest intent and first thought of the testator to give this property to his sister, with immediate possession and enjoyment of the same. It had been her home for many years, and he evidently desired to give it to her absolutely, without restrictions or conditions, and would have done so were it not for the husband. To exclude him testator attached certain conditions and limitations which made the devise somewhat indefinite.

"The fee simple is also held to pass by an indefinite devise, where it is succeeded by a gift over in the event of the devisee dying under the age of 21 years; such devise over being considered to denote that the prior devisee is to have the inheritance in the alternative event of his attaining the age in question, since, in any other supposition, the making the ulterior devise dependent on the contingency of the devisee dying under the prescribed age, is very capricious if not absurd." 3 Jarman on Wills, p. 26.

In the case at bar the contingent event is the wife dying before her husband, instead of dying "under the age of 21 years," and instead of it being considered to denote the fact, as in that case, it is positively provided in the case at bar that the prior devisee is to have the inheritance in the alternative event of surviving her husband. The law

in this State particularly favors vested estates where possible to so construe them.  *Toms* v. *Williams,* 41 Mich. 552 (2 N. W. 814); *Rood* v. *Hovey,* 50 Mich. 395 (15 N. W. 525); *Union Mutual Ass'n* v. *Montgomery,* 70 Mich. 587 (38 N. W. 588, 14 Am. St. Rep. 519).

It is further contended by complainants that a proper construction of the fourth and seventh clauses of the will gives to each of them one-third and to the children of Mrs. Brandt, collectively, one-third; or that, taking by representation, they together as children of the one sister (Natalie Van Gallow) are entitled to one-half, the other half to be divided among the eight children of the other sister (Mary Theresa Brandt), the will empowering and requiring a division *per stirpes* and not *per capita.*  It is the claim of defendants, and the trial court held, that the import of the instrument is for a division *per capita* between complainants and the eight Brandt children, each taking one-tenth.

While the two complainants are named and the other beneficiaries are described as "the children of my sister Mary Therese Brandt," they are all collectively designated as "my nephews and nieces," and the property is bequeathed and devised to them "in equal shares, share and share alike."  If extraneous evidence is to be considered, the deceased seems to have been on equally friendly terms with all his nieces and nephews when he made his will; no reason is disclosed why he should particularly favor the complainants.  The repeated use of the expression "in equal shares, share and share alike," is significant, especially in view of the fact that all these beneficiaries were nephews and nieces and in the same class.  As a general rule claimants take *per stirpes* only when they stand in unequal degrees to the testator and are of a different class, but when in equal degrees of relationship and of the same class they take *per capita.*  *Pearce* v. *Rickard,* 18 R. I. 142 (26 Atl. 38, 19 L. R. A. 472, 49 Am. St. Rep. 755); *Hodges* v. *Phelps,* 65 Vt. 303 (26 Atl. 625).

The language of the will points to equal distribution and emphasizes that construction.

"A direction for the division of certain specified property between the members of a group, 'share and share alike,' is construed as a direction to distribute *per capita.*" Page on Wills, p. 645, and cases there cited.

The circuit court correctly held that under the fourth and seventh clauses of said will each of the nephews and nieces took an undivided one-tenth interest, and that the fifth clause of said will was not in violation of the statute urged against it.

In their bill complainants pray for a partition of the estate according to the respective rights and interests of the beneficiaries and the appointment of commissioners to make a division and partition of the real estate among the parties; also, for a receiver to take charge of the property, with power to collect rents, make repairs, and otherwise manage the estate. In his opinion the circuit judge said:

" So far as the balance of the matters which are involved in this bill are concerned, I think the entire matter must wait until the action of the probate court in assigning the residue."

The formal decree concludes as follows:

" It is further ordered, adjudged, and decreed that a certified copy of this decree shall be filed with the probate court for Wayne county in the estate of Francis Devroe, deceased, forthwith, and that a division of said estate shall be made in accordance with this decree."

Personal property is involved and to be distributed as well as real estate, and we think that under the proofs a proper disposition was made of these questions by the trial court. Should difficulties arise as to a division of the real estate, it can again be brought before the court by supplemental proceedings, when proper action may be taken on the conditions then shown.

The decree is affirmed, with costs in favor of defendants.

MOORE, C. J., and BROOKE, STONE, and OSTRANDER, JJ., concurred.