*In re* WARMBIER'S ESTATE.

WARMBIER *v.* WARMBIER.

1. Wills—Construction—Ambiguity—When Extrinsic Evidence Admissible.

Where meaning of words in will is so plain that no uncertainty arises, extrinsic evidence is not admissible, but where there is obscurity or ambiguity in language, so that testator's intent becomes doubtful, extrinsic evidence is admissible to discover said intent.

2. Same—Annuity—Total Sum Bequeathed.

Provisions of will for ''an annuity in the gross amount of $1,000 for each of said living beneficiaries, said annuity to be paid in monthly instalments over a period of five years,'' being ambiguous, extrinsic evidence was properly admitted to show that testator intended to provide total sum of $1,000 for each beneficiary named, said sum to be paid over period of five years in monthly payments.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 13, 1933. (Docket No. 151, Calendar No. 37,039.) Decided March 2, 1933.

In the matter of the estate of Charles Warmbier, deceased. On petitions of Elizabeth M. Warmbier, as guardian, for payments alleged to be due under the will and of Charles Warmbier and another, executors, for construction of the will. From order of probate court for guardian, the executors appealed to the circuit court. Reversed. Guardian appeals. Affirmed.

*John R. McInerney* (*Peter P. Boyle,* of counsel), for appellants.

*Miller, Canfield, Paddock & Stone,* for appellees.

Butzel, J.   The will of Charles Warmbier contains the following provisions:

"I hereby direct my executor to procure for Charlotte Warmbier and Betty Warmbier, daughters of my nephew, Charles Warmbier, and also for Pansy Thon, daughter of my niece, Elsie Thon Schulz, or for such of them as are living at the time of my decease, an annuity in the gross amount of $1,000 for each of said living beneficiaries, said annuity to be paid in monthly instalments over a period of five years, to be used, preferably, for the education of said annuitants.  *  *  *  And all duties and transfer charges and expenses which may be levied or incurred in connection with any annuities, bequests, legacies, or devises, contained in this, my will, shall be paid out of the *corpus* of my estate by my executor."

The sole question involved in the present case is whether the quoted clause provides for an annual payment of $1,000 a year to each of the annuitants during each year over the five-year period, or whether each is to receive the total sum of $1,000, payable in monthly instalments over a period of five years.   Were not the word "annuity" limited by the words "in the gross amount of $1,000," appellants would be correct in invoking the rule that extrinsic evidence may not be introduced where the meaning of the words is so plain that no uncertainty arises. However, where there is any obscurity or ambiguity in the language, as in the present instance, so that the intent of the testator becomes doubtful, it is proper to permit extrinsic evidence to discover the testator's intent.  *Sondheim* v. *Fechenbach,* 137 Mich. 384; *Van Gallow* v. *Brandt,* 168 Mich. 642; *Holmes* v. *Connell's Estate,* 207 Mich. 663.   The testimony leaves no doubt whatsoever but that the testator only intended to give each of the annuitants

$1,000, payable over the term of five years. He had made a previous will, giving each of them the sum of $1,000, but he feared that they might spend this sum unwisely if it was given to them at one time. He did not desire that the amount of each legacy be increased in the present will, but that he did wish to have it paid in monthly instalments over a period of five years, is clear. The unfortunate language of those who assisted in the preparation of the will has led to the difficulty in interpretation. The trial judge correctly entered a judgment directing that the executors procure an annuity contract for the total sum of $1,000 for each of the beneficiaries named in the paragraph, such sum to be paid over a period of five years in monthly payments.

Judgment is affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.