*In re* HOLTFORTH'S ESTATE.

WILLS—LAPSED LEGACY—STATUTES—DEATH OF MEMBER OF CLASS.
　　Under legacy to the seven children of testator's brother and the survivor of them, where one of the children predeceases testator, the issue of such deceased child does not share in the distribution under the lapsed legacy statute since to grant such issue a share would make a different disposition than that provided by the will (3 Comp. Laws 1929, § 15552).

---

Applicability of a lapse statute to a class gift, see 3 Restatement, Property, § 298; classification of lapse statutes in relation to their applicability to class gifts, see 3 Restatement, Property, § 298, comment c, special notes 1 to 7, inclusive.

Effect of a contrary intent of the conveyor with respect to the application of a lapse statute to a class gift, see 3 Restatement, Property, § 298, comment d.

Prerequisite groupmindedness of the conveyor to constitute a class gift, see 3 Restatement, Property, §§ 279, 280.

Whether numbering the members in the group prevents a limitation from creating a class gift, see ·3 Restatement, Property, § 280, comment c.

Appeal from Livingston; Collins (Joseph H.), J. Submitted June 3, 1941. (Docket No. 1, Calendar No. 41,499.) Decided September 2, 1941.

In the matter of the estate of Henry Holtforth, deceased. On petition of Lee E. Gordon, administrator with the will annexed, for leave to make a partial distribution. Order entered construing will and allowing partial distribution. Hannah Holtforth, guardian of Betty Jane Holtforth, a minor, appealed to circuit court. Order of probate court affirmed. Hannah Holtforth, guardian, appeals. Affirmed.

*Don W. Van Winkle,* for appellant.

*McArthur & McArthur,* for appellees.

NORTH, J. This is an appeal from the construction placed upon the second paragraph of the last will and testament of Henry Holtforth, deceased. The general plan of the will is disclosed by the following:

"I give, devise and bequeath all my real and personal estate wherever situated, as follows:

"First. To the three children of my sister, Delia Gordon, and the survivors of them an equal undivided 10/35 of my estate both real, personal or mixed or every kind and description and whereever situated.

"*Second. To the seven children of my brother, John Holtforth, and the survivor of them, 20/35 of my said estate aforesaid.*

"Third. To the six children of my brother-in-law, Henry Rohn, 3/35 of all of my said estate aforesaid.

"Fourth. To the two children of my brother, Martin Holtforth, 1/35 of my said estate aforesaid.

"Fifth. To my niece, Della Westphal, 1/35 of all my said estate aforesaid.

"It is my will and intention that the several shares of my said estate given to the above-named legatees as a class shall be divided equally between the members of or numbers constituting the number mentioned in each."

Theodore Holtforth, one of the seven children of John Holtforth, predeceased the testator. The above portion of the will which we have italicized is the testamentary provision made for Theodore Holtforth and the six other children of John Holtforth. Appellant's ward, Betty Jane Holtforth, is the minor daughter and only child of Theodore. It is the claim of appellant that Betty Jane Holtforth is entitled to take under the will the share of the estate which would have gone to Theodore Holtforth if he had survived the testator. In both the probate court and in the circuit court, decision was adverse to this claim. This appeal followed.

In support of her claim appellant relies upon the so-called lapsed legacy statute which we quote:

"When a devise or legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will, in the same manner as the devisee or legatee would have done, if he had survived the testator; unless a different disposition shall be made or directed by the will." 3 Comp. Laws 1929, § 15552 (Stat. Ann. § 27.2652).

Decision herein turns upon whether under the terms of the will "a different disposition" is made or directed than would have resulted if the statute alone controlled. We are unable to reach any other conclusion than that the italicized portion of the

will does make a different disposition of that part of the testator's estate than would have resulted under the statute. In this part of his will the testator left 20/35 of his estate "to the seven children of my brother, John Holtforth, and the survivor of them." This provision is plain and unequivocal, and clearly directs that in event one or more of the children of John Holtforth predeceased testator, the 20/35 of the estate passing under this provision of the will should go to "the survivor of them." To hold otherwise is to read out of the will the provision as to the survivor or survivors of the children of John Holtforth. This cannot be done because it would result in a substantial alteration of the last will and testament of Henry Holtforth.

Further, we think decision in the instant case is controlled by *Eberts* v. *Eberts,* 42 Mich. 404, 407, wherein Justice Cooley, speaking for the Court, said in reference to the application of the so-called lapsed legacy statute to a testamentary provision of like purport to that now under consideration:

"The statute * * * on which some reliance is placed, cannot help this defendant. When we find that the will only makes the gift to persons who survived the testatrix, there is nothing to go to the issue of others who died before she did."

We conclude it clearly appears from the context of the will itself the testator by the terms of this second paragraph intended and provided that in the event one or more of the children of John Holtforth predeceased the testator, the portion of the estate that passed under this second paragraph of the will should go to the survivors of the John Holtforth children.

The judgment entered in the circuit court is affirmed with costs in favor of appellees taxable

against appellant; and the case will be remanded to the circuit court for certification to the probate court and further proceedings therein.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.