*In re* RAYMOND ESTATE

Docket No. 267364. Submitted April 17, 2007, at Detroit. Decided June 7, 2007, at 9:05 a.m. Leave to appeal sought.

Clair A. Morse petitioned the Lenawee County Probate Court for probate of Alice J. Raymond's estate. Raymond and her husband had executed mirror-image wills, and Raymond's husband had died before her. Morse requested the court to construe the residuary clause of Raymond's will. That clause gave 50 percent of the remainder of Raymond's estate "to my brothers and sisters that survive me share and share alike or to the survivor or survivors thereof" and used similar language with respect to the siblings of Raymond's husband. Morse, who was Raymond's brother, asked the court to construe the residuary clause to mean that the siblings of Raymond who survived her should receive 50 percent of the residue and the siblings of Raymond's husband who survived Raymond should receive 50 percent, with no share going to the descendants of any predeceased sibling. The court, Albert J. Neukom, J., entered an order construing the residuary clause in this manner. Some of the respondents, who are the descendants of the predeceased siblings of Raymond and her husband, appealed.

The Court of Appeals *held*:

1. The probate court correctly construed Raymond's will to mean that her surviving siblings receive 50 percent of the residue, her husband's surviving siblings receive 50 percent, and the descendants of their predeceased siblings receive nothing. By stating that she wished the residue of her estate to pass to the siblings who survived her "share and share alike," Raymond indicated that she desired a per capita distribution to her surviving siblings and those of her husband, thereby shutting out any claim by the descendants of predeceased siblings. The phrase "or to the survivor or survivors thereof" modified the phrase "my brother and sisters that survive me," thereby referring to those siblings of Raymond and her husband who survived her, and indicated that Raymond intended that only the surviving siblings, not the descendants of any deceased siblings, inherit. While the first and second clauses are seemingly redundant, it is nonsensical to conclude that the drafter of the will intentionally constructed the

residuary clause in such a way as to indicate contradictory intents in a single sentence. It is better to read the clauses together as reinforcing the testator's intent to divide the residue equally among the surviving siblings.

2. The language of the residuary clause, taken as a whole, expresses an intent to make a provision for the death of beneficiaries in a manner contrary to that provided for in the antilapse statute, MCL 700.2603(1)(c).

Affirmed.

MURPHY, J., dissenting, would conclude that the plain language of the will indicates that the estate would be shared by the surviving siblings and the surviving descendants of those siblings who predeceased Raymond. The probate court's and the majority's construction of the will would render the clause "or to the survivor or survivors thereof" meaningless. That clause was clearly meant to refer to a group other than the surviving siblings, and the only logical conclusion is that it referred to the descendants of predeceased siblings. The second clause should be interpreted as an alternate devise should a sibling not survive the testator. The language of the will indicates a clear intent that Raymond's and her husband's families share equally, which intent would be defeated if none of Raymond's siblings, for example, had outlived her. The probate court's order should be reversed and the matter remanded for entry of a judgment in the respondents' favor.

*Anna Marie Anzalone* for Clair A. Morse.

*Burke and Rennell* (by *Robert J. Rennell*) and *Lahn & Associates* (by *Jeffery T. Hall*) for Valerie Sharkey and others.

Before: WHITBECK, C.J., and MURPHY and COOPER, JJ.

WHITBECK, C.J. Respondents[1] appeal as of right the probate court's order denying their claim for a share in

---

[1] Although all the respondents are included in the claim of appeal, only respondents Valerie Sharkey, Gail Thomas, Gary Zeigler, Deanna Conant, Caryn Nuzhet, Jay Curry, Mary Jean Mandela, John Packard, Frank Packard, Lisa Morse, and Elliot Guillory filed a brief on appeal. Throughout this opinion, we refer to these individuals collectively as the respondents.

the residue of the estate of testator Alice J. Raymond. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Testator and her husband, Claude C. Raymond (Raymond), prepared mirror-image wills in January 1979. Testator died on February 27, 2005. Testator and Raymond did not have any children; thus, testator's will provided that, after funeral expenses, administration costs, and taxes were paid, the residue of her estate should pass to Raymond. However, if Raymond predeceased her, which did in fact occur, testator's will stated that the residue and remainder of her estate should be divided as follows:

A. Fifty (50%) per cent thereof to my brother [sic] and sisters that survive me share and share alike or to the survivor or survivors thereof.

B. Fifty (50%) per cent thereof to the brothers and sisters of my husband that survive me, share and share alike or to the survivor or survivors thereof.

The record indicated that testator had five brothers and three sisters. When testator died, only two of her brothers and none of her sisters were still alive. Raymond had six sisters and two brothers. However, when testator died, only Raymond's two brothers and one of his sisters were still alive. Respondents are descendants of those siblings of testator and Raymond who predeceased testator. Although the lower court record does not contain any accounting of the estate, the inventory indicates that the estate's total assets were $796,796.31.

In June 2005, petitioner Clair A. Morse, testator's brother, filed a petition for probate. One month later, Morse filed a petition to construe testator's will. Morse

requested that the probate court construe paragraph A of the residuary clause to mean that the brothers of testator who survived her should receive 50 percent of the residue, with no share going to the descendants of testator's predeceased brothers and sisters. Morse similarly requested that the probate court construe paragraph B of the residuary clause to mean that the brothers and sister of Raymond who survived testator should receive 50 percent of the residue, with no share going to the descendants of Raymond's predeceased sisters. Morse asserted that there was no ambiguity in the residuary clause and claimed that testator's use of survivorship language demonstrated an intent to avoid the antilapse statute.[2]

Respondents argued that the probate court should construe the residuary clause to mean that the descendants of the deceased siblings could take their deceased ancestors' shares by representation. Respondents asserted that a patent ambiguity resulted from the combination of the phrases "that survive me" and "or to the survivor or survivors thereof." They argued that, if the phrase "or to the survivor or survivors thereof" was simply ignored, the antilapse statute would apply, which would create a result contrary to testator's intent that each side of her and Raymond's family receive an equal one-half share of the estate. Respondents explained that this intent would be defeated by Morse's suggested interpretation, under which one side of the family could take the entire residue if all the siblings on the other side of the family were dead.

The probate court granted Morse's petition for probate and appointed a temporary personal representative. The probate court then conducted a hearing and stated the

---

[2] MCL 700.2603.

following with respect to the residuary clause of testator's
will:

> [Paragraph A] may appear on its face to be confusing.
> In this court's eyes it does not appear to be confusing. It
> may be inarticulate meaning that there were words
> thrown in there that were not necessary to reach the
> result and desire, but, I think in reading the clause one
> has to look at the first phrase, "Fifty per cent thereof to
> my brother and sisters that survive me", then there is a
> coma [sic]. It would appear to this court that the group
> that Ms. Raymond was dealing with were to [sic] her
> brother and sisters. Then she qualified that group by
> "those that survive me". The remaining clause, in this
> court's eyes, would be descriptive of the earlier group,
> the earlier group being "my brothers and sisters that
> survive me". The remaining phrase, "to share and share
> alike or to the survivors thereof" would mean to my
> brothers and sisters, to those that predecease me, to
> those that are left, to share and share alike and to the
> survivors thereof. The court would so rule as this court
> reading the language that way. Likewise on paragraph
> 'B' the court's similar logic would be concerning "the
> brothers and sisters of my husband that survive me",
> and once again coma [sic], "and the balance share and
> share alike or to the survivors thereof" are descriptive of
> the benefit to be received by the class before it which
> would be to [sic] the brothers and sisters of my husband
> that have to survive, and, I'm using the term "have to".
> The term in the will was "survive me", and, to me that is
> a clarifying term and it narrows the class down. They
> have to survive him [sic] to share and share alike or to be
> a survivor thereof.

The probate court's order provided as follows:

> [T]he language used in paragraph "Second" [of the will]
> is to be construed to mean that the two surviving brothers
> of [testator] will receive fifty percent of the residue of the
> estate and that the two surviving brothers and one surviv-
> ing sister of the husband of [testator], being [Raymond],

shall receive fifty percent of the residue. The surviving descendants of the predeceased brothers and sisters of [testator] and the surviving descendants of the predeceased brothers and sisters of the husband of [testator], being [Raymond], are not entitled to any share in the residue.

Respondents now appeal.

## II. CONSTRUING THE WILL

### A. STANDARD OF REVIEW

Respondents argue that the probate court erred in construing testator's will. A probate court's construction of a will is a legal question that we review de novo.[3] "Findings of the probate court, sitting without a jury, are to be reversed by this Court *only* when clearly erroneous."[4]

### B. LEGAL STANDARDS

The probate court's role is to ascertain and give effect to a testator's intent, which it gleans solely from the plain language of the will unless there is an ambiguity.[5] If possible, each word of a will should be given meaning.[6] "A patent ambiguity exists if an uncertainty concerning the meaning appears on the face of the instrument and arises from the use of defective, obscure, or insensible language."[7]

---

[3] *In re Reisman Estate*, 266 Mich App 522, 526; 702 NW2d 658 (2005).

[4] *In re Burruss Estate*, 152 Mich App 660, 663-664; 394 NW2d 466 (1986) (emphasis added).

[5] *Reisman, supra* at 527.

[6] *Id.*

[7] *In re Woodworth Trust*, 196 Mich App 326, 327-328; 492 NW2d 818 (1992).

### C. APPLYING THE STANDARDS

#### 1. THE RESIDUARY CLAUSE

As stated, testator's will provides that the residue of the estate should be divided as follows:

> A. Fifty (50%) per cent thereof to my brother[s] and sisters that survive me share and share alike or to the survivor or survivors thereof.

> B. Fifty (50%) per cent thereof to the brothers and sisters of my husband that survive me, share and share alike or to the survivor or survivors thereof.

Respondents argue that the probate court erred in construing the will so that testator's surviving siblings received 50 percent of the residue, Raymond's surviving siblings received 50 percent, and respondents received nothing. Respondents contend that the inclusion of the phrase "or to the survivor or survivors thereof" meant that testator intended for the "survivors"—that is, descendants—of the predeceased siblings to inherit. Conversely, Morse contends that the probate court properly concluded that the phrase "or to the survivor or survivors thereof" refers solely to testator's and Raymond's surviving siblings.

As the parties have presented it, the dispute here hinges on reconciling two important clauses of the residuary clause: (1) "to my brother[s] and sisters that survive me share and share alike"[8] and (2) "or to the survivor or survivors thereof."

##### a. THE FIRST CLAUSE

It is undeniable that the language of the first clause expressly qualifies the class of "brothers and sisters"

---

[8] We use the language here from paragraph A as representative of the similar language also found in paragraph B.

with the phrase "that survive me." Indeed, respondents concede that "the first part of the disputed clause established a 'qualified group' of 'those that survive me.' " Thus, the plain language of this half of the first clause, taken alone, clearly limits the class of devisees to the siblings still alive at testator's death. As the probate court put it, the siblings first have to survive testator to be considered among the class of devisees. Therefore, this language alone indicates that testator intended that any predeceased siblings be excluded from the class because they did not survive her.

Although overlooked by both Morse and respondents, the second half of the first clause—"share and share alike"—bolsters an interpretation limiting the class solely to the surviving siblings. The Michigan Supreme Court has held that a class gift that directs that a devise be divided "share and share alike" indicates the testator's intent to create an equal division among the members of the class, whose members are usually related to the testator in equal degrees, using a per capita distribution.[9] Further, Black's Law Dictionary specifically defines the phrase "share and share alike" as: "To divide (assets, etc.) in equal shares or proportions; to engage in per capita division."[10] Black's Law Dictionary defines "per capita" as: "[Latin 'by the head'] 1. Divided equally among all individuals, [usually] in the same class ."[11] Therefore, by stating that she wished the residue of her estate to pass to the siblings who survived her "share and share alike," testator indicated that she desired a per capita distribution,

---

[9] *Rendle v Wiemeyer*, 374 Mich 30, 44; 131 NW2d 45 (1964); *Van Gallow v Brandt*, 168 Mich 642, 649-650; 134 NW 1018 (1912); see also *Granger v Duryea*, 218 Mich 616, 619; 188 NW 372 (1922).

[10] Black's Law Dictionary (8th ed).

[11] *Id.*

under which the court must distribute the devise
among the surviving heads on the generational line—
the surviving brothers and sisters of Raymond and
testator—thereby shutting out any claims by the de-
scendants of any predeceased siblings.

### b. THE SECOND CLAUSE

Despite two important indicators in the first clause
that testator desired to limit the class gift to the
surviving brothers and sisters, respondents contend
that the second clause—"or to the survivor or survivors
thereof"—must be given effect, whereby they are also
entitled to take a portion of the residue. Although
disagreeing on their significance, in interpreting this
second clause both parties direct us to consider the
language used in two Michigan cases: *In re Burruss
Estate* and *In re Holtforth's Estate*.[12]

In *In re Burruss Estate*, the decedent's will provided
as follows:

> In the event my said husband . . . should predecease me,
> or in the event that my husband and I should meet our
> deaths simultaneously, as in some common catastrophe,
> then in either of such cases, I give, devise and bequeath all
> the rest, residue and remainder of my estate, both real and
> personal, wheresoever situated, in equal amounts, *share
> and share alike, to my daughters, Anna Mary Vollick of
> Redford Township, Wayne County, Michigan, Jeanne
> Glaeser of Detroit, Michigan and Audrey Larson of Detroit,
> Michigan, or to the survivor or survivors of them.*[13]

The decedent's husband and Audrey Larson both pre-
deceased the decedent. Upon the decedent's death,
Audrey Larson's three children claimed that they were

---

[12] *In re Holtforth's Estate*, 298 Mich 708; 299 NW 776 (1941).

[13] *Burruss, supra* at 662 (emphasis added).

entitled to Audrey Larson's one-third share of the estate. Anna Mary Vollick and Jeanne Glaeser claimed that they alone were entitled to the residue. The pivotal issue was interpretation of the language "share and share alike, to my daughters . . . or to the survivor or survivors of them." Quoting the probate court's opinion, this Court concluded: " ' "Them" refers to decedent's three daughters, Anna, Jeanne and Audrey. The survisor(s) [sic] of "them" are Anna and Jeanne because they survived Audrey's death.' "[14] Citing use of the term "rights of survivorship" in the context of joint tenancies, this Court found it significant that the will drafter specifically used the word "survivor." This Court explained that, if the will drafter had wanted to effectuate the grandchildren's interpretation, then he could have used language like "their children," "their issue," or "their heirs." Therefore, this Court held that the clear language in the will showed the decedent's intent that only her children, not their descendants, inherit under her will.[15]

In reaching its resolution in *Burruss*, this Court relied in part on the Michigan Supreme Court's opinion in *Holtforth*. There, the Court considered a similar will that devised property "[t]o the seven children of [the decedent's brother], and the survivor of them . . . ."[16] The Court held the language to mean that only the surviving children were entitled to inherit.[17]

Respondents nevertheless contend that "the word 'survivors,' except where it has a specific legal meaning resulting from a legal precedent, is a generic term that includes descendants." We, however, conclude that *Bur-*

[14] *Id.* at 663.

[15] *Id.* at 664-665.

[16] *Holtforth, supra* at 709.

[17] *Id.* at 711.

*russ* and *Holtforth* are in fact significant legal precedents that provide a specific legal meaning to the word "survivor" in this context. Moreover, it may be true that a layperson might interpret that term "survivor" to be synonymous with "descendant." But in a legal context, "survivor" is defined as "[o]ne who outlives another,"[18] as, for example, when one person out of two or more remains alive after the others die.[19]

Respondents also argue that *Burruss* and *Holtforth* are distinguishable because the wills in those cases stated "to the survivor or survivors of *them*" and "the survivor of *them*," respectively, rather than "or to the survivor or survivors *thereof*," as used here. Although not an exact match, we conclude that the second clause parallels the language used in *Burruss* and *Holtforth*. While the clause here employs the word "thereof" rather than "them," we do not find it unreasonable to construe the phrase used here, "or to the survivor or survivors *thereof*," as referring back to the brothers and sisters who survived testator. We therefore conclude that the phrase "or to the survivor or survivors thereof" in paragraph A modifies the phrase "my brother[s] and sisters that survive me," thereby referring to those of testators' siblings who survived testator, and indicates that testator intended only for her surviving siblings, i.e., not the descendants of any of her deceased siblings, to inherit. Similarly, the phrase "or to the survivor or survivors thereof" in paragraph B modifies the phrase "the brothers and sisters of my husband that survive me"; therefore, it refers to those of Raymond's siblings who survived testator and indicates that testator intended for only the siblings of Raymond who survived her, i.e., not the descendants of any of his deceased

---

[18] Black's Law Dictionary (8th ed).

[19] *Id.* (defining "survivorship").

siblings, to inherit. Stated differently, under the plain language of the will, respondents are not entitled to inherit because they are not the "survivors thereof," where "thereof" refers to the surviving siblings.

Respondents further argue that the phrase "brother[s] and sisters that survive me" and the phrase "to the survivor or survivors thereof" are redundant and that our interpretation renders the clause "to the survivor or survivors thereof" surplusage, which goes against the tenet of will construction that, if possible, each word of a will should be given meaning.[20] Respondents contend that, if testator had wanted to give a class gift solely to her brothers and sisters who were alive at her death, then she would have simply stopped at the end of the first clause. They contend that the second clause must be given some meaning and insist that the meaning given inure to their benefit. We acknowledge that the first and second clauses are seemingly redundant; however, we find it nonsensical to conclude that the will drafter intentionally constructed the residuary clause in such a way as to indicate contradictory intents within a single sentence. Indeed, were we to agree with respondents, we would have to rewrite the will to instead state: "Fifty (50%) per cent thereof to my brother[s] and sisters or to the descendants thereof." This we cannot do.[21] Rather than reading the two clauses as competing with each other, we find that the better course of action is to read the clauses together as reinforcing testator's intent to equally divide the residue among the surviving siblings.

Finally, respondents argue that our interpretation violates testator's and Raymond's apparent intent that each side of the family receive an equal one-half share of

---

[20] *Reisman, supra* at 527.

[21] See *In re Allen Estate*, 150 Mich App 413, 417; 388 NW2d 705 (1986).

the estate. To support this argument, they point out
that *if*, for example, all of Raymond's siblings had been
deceased at the time of testator's death, then testator's
family would end up taking the whole residue under the
laws of intestate succession. However, we believe that
the specific terms of art used by the will drafter are
more indicative of testator's intent than an interpreta-
tion based on speculation. In *In re Bruin Estate*, the
Michigan Supreme Court was urged to construe certain
language in a will to avoid partial intestacy.[22] The Court,
however, concluded that the intent demonstrated by the
specific language used in the will was controlling.[23]

> "The rule that such a construction should be given as
> will, if possible, avoid intestacy, is invoked; also, the rule
> that the will speaks from the time of the death of the
> testator; and undoubtedly the intention should be sought
> with both rules in mind, but neither rule should be so
> applied as to extend the force of terms which are obviously
> restricted."[24]

Thus, because there were surviving siblings on each
side of the family at the time of testator's death, we
decline to engage in speculative application of the rule
of avoiding intestacy because it would unnecessarily
extend the force of the specific terms of art used in the
will.

### 2. THE ANTILAPSE STATUTE

Under the current antilapse statute, "words of sur-
vivorship, such as in a devise to an individual 'if he
survives me' or in a devise to 'my surviving children,'

---

[22] *In re Bruin Estate*, 370 Mich 34, 39; 120 NW2d 752 (1963).

[23] *Id.* at 38-39 (concluding that use of the specific term "any cash"
indicated that the testator did not intend to include bonds).

[24] *Id.* at 39, quoting *Williams v McKeand*, 119 Mich 507, 510; 78 NW
553 (1899).

are not, in the absence of additional evidence, a sufficient indication of an intent contrary to the application of this section."[25] However, we conclude that the language of the residuary clause taken as a whole—specially taking into account the use of the three separate statements: "that survive me," "share and share alike," and "the survivor or survivors thereof"—expresses an intent to make a provision for the death of the beneficiaries in a manner contrary to that provided for in the antilapse statute.[26]

### D. CONCLUSION

The probate court correctly construed testator's will to mean that her surviving siblings receive 50 percent of the residue, Raymond's surviving siblings receive 50 percent, and the descendants of their predeceased siblings receive nothing. Accordingly, we affirm the probate court's order.

Affirmed.

COOPER, J., concurred.

MURPHY, J. (*dissenting*). Because I conclude that the plain language of the will indicates that the estate would be shared by surviving siblings and the surviving descendants of siblings who had predeceased the testator, Alice J. Raymond, I respectfully dissent.

Respondents appeal as of right the probate court's order denying them a share of the residue of the testator's estate. Respondents argue that the probate

---

[25] MCL 700.2603(1)(c).

[26] See *Burruss, supra* at 665 (stating that the "survivorship language in the instant case indicates" an intent contrary to the statute); see also *Holtforth, supra* at 710-711.

court erred in construing the testator's will. Contrary to the majority opinion, I agree.

The testator and her husband, Claude C. Raymond (Raymond), prepared mirror-image wills that bequeathed, after the payment of funeral and administration costs and taxes, the residue and remainder of the estate to the other spouse should he or she still be living. Raymond predeceased the testator, and, under these circumstances, the testator's will provided that the residue and remainder of the estate was to be divided as follows:

> A. Fifty (50%) per cent thereof to my brother [sic] and sisters that survive me share and share alike or to the survivor or survivors thereof.

> B. Fifty (50%) per cent thereof to the brothers and sisters of my husband that survive me, share and share alike or to the survivor or survivors thereof.

When the testator died, two of her brothers and three of Raymond's siblings were living. Respondents are descendants of those siblings of the testator and Raymond who were deceased when the testator died. The testator's brother, petitioner Clair A. Morse, filed the probate petition and subsequently requested construction of the testator's will. He argued that the probate court should construe the residuary clause to mean that only the siblings of the testator and Raymond who survived the testator's death would share in the estate, with no share going to the surviving descendants of siblings who had predeceased the testator. The trial court agreed, concluding that the clause "or to the survivor or survivors thereof" referred only to siblings who survived the testator and not the descendants of predeceased siblings.

A probate court's construction of a will is a legal question that we review de novo. *In re Reisman Estate,*

266 Mich App 522, 526; 702 NW2d 658 (2005). The probate court's role is to ascertain and give effect to the testator's intent, which it gleans solely from the plain language of the will unless there is an ambiguity. *Id.* at 527. If possible, each word of a will should be given meaning. *Id.*

I conclude that the plain language of the will indicates that the estate would be shared by the surviving siblings and the surviving descendants of siblings who had predeceased the testator. The probate court's construction of the will would render the clause "or to the survivor or survivors thereof" redundant and without meaning.

In *In re Burruss Estate*, 152 Mich App 660, 662; 394 NW2d 466 (1986), this Court interpreted the following will provision:

> ". . . I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, wheresoever situated, in equal amounts, share and share alike, to my daughters, Anna Mary Vollick of Redford Township, Wayne County, Michigan, Jeanne Glaeser of Detroit, Michigan and Audrey Larson of Detroit, Michigan, or to the survivor or survivors of them."

Two of the daughters survived their decedent mother and claimed that, under the will, they alone should share in the estate, with no share being distributed to the children of the third daughter, who had predeceased her decedent mother. This Court, relying on *In re Holtforth's Estate*, 298 Mich 708; 299 NW 776 (1941), agreed and held that the clear language of the will showed the decedent's intent that only her surviving daughters, not their descendants, inherit under her will. *Burruss, supra* at 664-665.

In *Holtforth's Estate, supra* at 709, the language in the will devised and bequeathed part of the decedent's

estate to "the seven children of my brother, John
Holtforth, and the survivor of them . . . ." The Michigan
Supreme Court held:

> We conclude it clearly appears from the context of the
> will itself the testator by the terms of this second para-
> graph [quoted above] intended and provided that in the
> event one or more of the children of John Holtforth
> predeceased the testator, the portion of the estate that
> passed under this second paragraph of the will should go to
> the survivors of the John Holtforth children. [*Id.* at 711.]

I find that *Burruss* and *Holtforth's Estate* are distin-
guishable because of a significant difference in the
language of the wills. Before the clause "or to the
survivor or survivors thereof," the will in this case
specifically defines the brothers and sisters inheriting
under the will as those "that survive me," with "me"
being the testator. No such defining language is found
in the wills at issue in *Burruss* and *Holtforth's Estate*.
Reading the subsequent clause "or to the survivor or
survivors thereof" to likewise narrow the field of devi-
sees to the testator's and Raymond's surviving siblings
is illogical because that point had already been estab-
lished. Clearly, the concluding clause was meant to refer
to a group other than the surviving siblings, and the
only logical conclusion is that this group consisted of
the descendants of predeceased siblings, i.e., their sur-
vivors. To construe the clause otherwise would render it
meaningless, and every word in a will should be given
meaning. *Reisman Estate, supra* at 527. In both *Bur-
russ* and *Holtforth's Estate*, there was no redundancy in
the interpretations rendered by the courts, but such a
redundancy would exist in the case at bar were we to
agree with the probate court's construction. Under the
probate court's and the majority's interpretation of the
will, the testator was essentially stating that she wished
to leave her brothers and sisters part of the estate if

they were alive when the testator died *or* she wished to leave her brothers and sisters part of the estate if they were alive when the testator died. Clearly, this is an unsound and duplicative construction of the will. In general, the "disjunctive term 'or' refers to a choice or alternative between two or more things." *Yankee Springs Twp v Fox*, 264 Mich App 604, 608; 692 NW2d 728 (2004); see also *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 50; 575 NW2d 79 (1997); *Root v Ins Co of North America*, 214 Mich App 106, 109; 542 NW2d 318 (1995). In looking at the result reached by the majority, it is evident that the majority basically interprets the first and second clauses in the same manner instead of properly treating the second clause as an alternate devise should a sibling not survive the testator.

In my opinion, the majority's reliance on the phrase "share and share alike" does not bolster a construction that limits the class solely to surviving siblings because the analysis ignores the second clause that makes an alternate gift if a sibling predeceased the testator. The phrase "share and share alike" simply indicates an intent that any surviving siblings be treated equally. With respect to the majority's reliance on the definition of "survivor," words must be read and understood in their grammatical context, see *Shinholster v Annapolis Hosp*, 471 Mich 540, 549; 685 NW2d 275 (2004), and the majority fails to read the term in the context of the second clause as affected by the first clause. A "survivor" is "[o]ne who outlives another." Black's Law Dictionary (7th ed). Read in context, "survivor," as used in the second clause, refers to an alternate devisee should a sibling have predeceased the testator, and there can be no dispute that a deceased sibling's descendant "outlived" the deceased sibling.

The majority states, "We therefore conclude that the phrase 'or to the survivor or survivors thereof' in paragraph A modifies the phrase 'my brother[s] and sisters that survive me,' thereby referring to those of testators' siblings who survived testator . . . ." *Ante* at 32. The problem with this analysis is again the redundancy and the majority's disregard of survivor-type language in both clauses. In the first clause, brothers and sisters as a class taking under the will are limited to surviving brothers and sisters because the words "that survive me" define or describe the class. And thus the second clause's reference to "survivor or survivors thereof" necessarily speaks of survivors of those already surviving, that is if one accepts the majority's analysis that the second clause modifies the first clause. But I cannot conceive of how a living individual survives himself or herself. The proper approach to examining the language at issue is to view the first clause as creating a potential class that will not take under the will, i.e., the deceased siblings, and then read the second clause as an alternate clause used when a sibling has indeed predeceased the testator. I would hold that the plain language of the will indicates that the estate would be shared by surviving siblings and the surviving descendants of the siblings who had predeceased the testator.

Furthermore, the 50-percent family-division language found in the will supports my interpretation. This language indicates a clear intent that the two families share equally. This intent would not be honored were one to interpret the will as done by the majority and the probate court. For example, if none of Raymond's siblings had outlived the testator, there would be no gift whatsoever to Raymond's side of the family because the prospective 50-percent gift would presumptively be awarded to the testator's side of the family

under intestate succession. By way of another example, had Raymond outlived the testator and, at Raymond's death, had none of the testator's siblings remained alive, the entire estate would go to Raymond's side of the family. This was clearly not the intent of Raymond or the testator, and her intent can only be honored by allowing the descendants of predeceased siblings to share in the residue of the estate.

I would reverse and remand for entry of a judgment in favor of respondents. Accordingly, I respectfully dissent.