*In re* LOWRIE'S ESTATE.

1. WILLS—CONSTRUCTION—INTENT.
   A cardinal rule in construing wills is that the intention of the testator shall control.

2. SAME—INTENT—AMBIGUITY—EXTRINSIC EVIDENCE.
   Where there is an ambiguity in a will and testator's intent cannot be determined from within its four corners, the surrounding circumstances may be considered.

3. SAME—ANNUITIES—ARREARAGES—SUBSEQUENT SURPLUS.
   Where the income out of which an annuity is to be paid fails in any year or years the arrearages on the annuity are to be paid out of subsequent surplus, unless there is a plain intent expressed in the will to the contrary.

WIEST, J., dissenting.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 9, 1940. (Docket No. 64, Calendar No. 41,064.) Decided September 6, 1940.

In the matter of the estate of Marion J. Lowrie, deceased. Petition in probate court by Albert B. Lowrie, trustee under the will of Marion J. Lowrie, deceased, to authorize payments on deficiencies to annuitants out of surplus income. Marion H. Crawmer, guardian *ad litem,* objected thereto. From order authorizing payments, guardian *ad litem* appealed to circuit court. Judgment for petitioner. Guardian *ad litem* appeals. Affirmed.

*Monaghan, Crowley, Clark & Kellogg,* for appellant.

*Ellsworth G. Smith,* for Florence Smith Stull, Marguerite Heyerman Biddle and Elizabeth Gray Walker, appellees.

*Cyril C. Pulford,* for Eleanor Brodhead, appellee.

Bushnell, C. J. Marion J. Lowrie, who died January 18, 1932, made a will on December 1, 1931, and a codicil thereto on December 23, 1931, by which she left all of her property in trust for the purpose of paying certain sums of money each year to the following: Fred C. Lowrie, her brother, $1,200; Henry C. Lowrie, her nephew, $1,000; Florence Smith Stull, $400; Marguerite Heyerman Biddle, $500; Elizabeth Gray Walker, $500; Katherine Brodhead and Eleanor Brodhead, jointly or the survivor, $300; and Frederick Thornton Lowrie, grandnephew, $1,000; these sums to be payable for the periods specified in the will.

The codicil reads:

"L. In the event that the income from said trust fund after the payment of expenses and general upkeep, fails to be sufficient to make payments to the persons hereinbefore set forth, said trustee shall first pay to Frederick C. Lowrie, my brother, to Henry C. Lowrie, my nephew, and to Frederick Thornton Lowrie, my grandnephew, the amounts hereinbefore provided to be paid to them, and shall then prorate the remaining income between the other beneficiaries herein named in proportion to the sums payable annually to each of said persons."

The trust estate consists of the Lowrie homestead on Grosse Ile and an undivided one-quarter interest in 36.52 feet of certain lots located in the city of Detroit on Woodward avenue, between Gratiot avenue and Campus. In an annual account covering the period from January 1, 1938, to January 1, 1939, the trustee stated that the income from the trust estate had not been sufficient to pay all of the annuitants in full each year but there was now surplus income in the trust estate. The trustee asked the probate court to authorize payments on deficiencies out of this surplus income.

A guardian *ad litem* was appointed and the probate court entered an order on July 25, 1939, authorizing payment of the deficiencies out of present and future surplus income. Being of the view that this order placed a construction upon the testatrix's will and codicil contrary to her intention, the guardian *ad litem* appealed from this order to the circuit court. The circuit court held that it was the intention of testatrix to leave whatever balance was due each annuitant as a charge upon the general income, to be paid whenever the general income was sufficient to make up the deficiencies; and entered an order directing the trustee to apply *pro rata* whatever excess income was in his hands at present or in the future during the life of the trust for the purpose of mak-

ing up prior deficiencies. The guardian *ad litem* appeals.

The will provides for the payment of definite sums to all the beneficiaries, and priority to those named in the codicil. It is silent as to payment of deficiencies or disposition of surplus income.

A cardinal rule in construing wills is that the intention of the testator shall control. Where there is an ambiguity in the will and intent cannot be determined from within its four corners, the surrounding circumstances may be considered. *In re Canfield's Estate,* 248 Mich. 571; and *In re Stuart's Estate,* 274 Mich. 282. The only testimony in the record of surrounding circumstances is the entries in the reports of the trustee. There are no authorities in this State which support or deny the proposition that deficiencies in annuities payable out of income may be made up from subsequent surplus income. Bogert in his Law of Trusts and Trustees, vol. 4, § 813, p. 2357, says:

"Whether the trustee of an annuity trust should apply the surplus income of one year to make up deficiencies in the annuity in previous years depends upon the intent which the settlor has expressed upon that subject. He may conceivably view each year as a unit or regard the entire annuity period as a single term during which income is to be appropriately allocated. In several cases the courts have found evidence of an intent that later surpluses should make up prior deficiencies, and it has even been said in one instance that such an intent is to be presumed unless the opposite is expressly stated; but in other decisions various factors have led the courts to reach the contrary conclusion and to refuse to permit the deficiency to be made up from a later surplus."

The writer of the text on Annuities in 2 Am. Jur. at p. 827, states:

"Both where the annuitant is, and where he is not, entitled to have deficiencies made good out of the corpus, he may, if his annuity is a charge upon income generally, and if there is no evidence of a contrary intent, as where the annuity is a charge upon income from year to year, claim to have the arrearages of lean years made good out of the income of years in which there is a surplus."

Among the authorities cited are *In re Reed's Estate,* 236 Pa. 572 (85 Atl. 15, Ann. Cas. 1914 A, 208); and *Casamaijor* v. *Pearson,* 8 Cl. & F. 69 (8 Eng. Rep. 27). Other authorities are discussed in L.R.A. 1917 E, 580, 591.

The *Casamaijor Case* is relied upon by appellant but that authority can be distinguished for the reason pointed out by Bogert, namely that decision was based on neglect of the annuitants to force a sale of lands and investment of the proceeds in such a way as to produce an adequate income to pay the annuity, and for the further reason that it differs from the case at bar in that an annuitant sought an order appropriating prior surplus to a subsequent deficiency, which is the reverse of the situation in the instant case.

We are impressed by the statements of the Pennsylvania court in *Re Reed's Estate, supra.* The will in that case set up several annuities payable from income. One of the annuitants was Lloyd G. Reed. As to him the will read:

"But in any event I direct that my said son Lloyd G. Reed shall receive all of the income accruing from all the rest, residue and remainder of my estate until he shall have received the sum of eight thousand dollars per annum."

The court held that arrearages on Lloyd's annuity should be made up from later surplus, saying:

"We take the general rule to be—it is at least one resting on our own and other authorities, *Rudolph's Appeal*, 10 Pa. 34; *Stewart* v. *Chambers*, 2 Sandford Ch. (N. Y.) 382,—that where the income out of which an annuity is to be paid fails in any year or years the arrearages on the annuity are to be paid out of subsequent accumulations, unless there is a plain intent expressed in the will to the contrary. * * * But we do not need to rest the case on general rule, sufficient as it would be, since clearly no contrary intent can be gathered from this will. It speaks for itself in an unequivocal way, and a purpose to secure to Lloyd G. $8,000 a year during his natural life by subjecting the income during the whole of that period to this liability is, we think, unmistakable."

So tested, it was the intention of testatrix Lowrie to secure to the annuitants named the sums stated in her will and, in the absence of a clear intention to the contrary, the deficiencies in any given year should be paid out of subsequent surplus income.

The trial judge so ordered, and that order is affirmed, with costs to appellees.

SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred with BUSHNELL, C. J.

WIEST, J. (*dissenting*). I am of the opinion that each year was a period by itself and closed rights of the annuitants according to income then and not subsequently available.

Reversed, and the matter should be remanded for entry of such an order. Costs to appellant.

The late Justice POTTER took no part in this decision.