*In re* ALLEN ESTATE

Docket No. 83144. Submitted November 20, 1985, at Lansing.—Decided April 7, 1986.

Frank P. Allen died testate. His will provided for the distribution of his property in the event that his wife survived him, but had no explicit provisions in the event that his wife predeceased him. The will also had no residuary clause. Allen's wife predeceased him, and when he died a dispute arose over the distribution of the lapsed devises. The Genesee Probate Court, Luke Quinn, J., directed the executor of the estate to distribute the lapsed devises to several grandnephews and a grandniece of Allen. Lillian Quigley and Etta Mary Sanders, nieces of Allen, appealed. *Held:*

1. The will is unambiguous; therefore, the intent of the testator must be determined from the language of the will itself. It is clear that the deceased simply failed to provide for the disposition of property devised to his surviving spouse in the event she predeceased him.

2. Although there is a presumption against partial intestacy, that presumption may not be used to create ambiguities which do not exist. Thus, the Court may not create a residuary clause in favor of the appellees. The trial court erred in concluding that Michigan does not permit partial intestacy.

3. Rules of construction are inapplicable where there is nothing to construe. Because it is clear that the testator did not provide for an alternate disposition of the property, it passes by intestate succession.

Reversed and remanded.

1. WILLS — JUDICIAL CONSTRUCTION — INTENT OF TESTATOR.

The judicial review of wills is governed by the fundamental precept that the intent of the testator is to be carried out as nearly as possible; where there is no ambiguity, that intention

REFERENCES

Am Jur 2d, Wills §§ 6 *et seq.* 1122 *et seq.*

Validity and construction of bequest with limitation over to another in event that original beneficiary dies before distribution, payment or receipt thereof. 59 ALR3d 1043.

is to be gleaned from the four corners of the instrument; however, if a will evinces either a patent or a latent ambiguity, a court may establish intent by considering surrounding circumstances and rules of construction.

2. WILLS — JUDICIAL CONSTRUCTION — PRESUMPTION AGAINST PARTIAL INTESTACY.

A presumption against partial intestacy should not be applied in order to create ambiguities in a will which do not exist; a clear and unambiguous will may not be construed in such a way as to rewrite it.

*Harold A. Draper,* for appellees.

*Winegarden, Shedd, Haley & Lindholm* (by *William C. Shedd* and *Donald H. Robertson),* for appellants.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and J. D. PAYANT,* JJ.

T. M. BURNS, P.J. This case involves the construction and interpretation of the will of Frank P. Allen, deceased. Allen died in 1983, leaving an estate valued at over $4 million. His nieces, Lillian Quigley and Etta Marie Sanders, appeal as of right from a probate court order directing the executor of Allen's estate to distribute certain lapsed devises to James Goodwin, Bruce Goodwin, Thomas Goodwin, David Goodwin, and Kathrine Putnam, grandnephews and grandniece of Allen. We reverse.

Allen's will consisted of five "Items". Item I provided for payment of the testator's debts, various general expenses, and the expenses of administration of the estate. Item V provided for an executor. The will contained no residuary clause. The relevant portions of the will provide:

"*ITEM II.* I give, devise and bequeath to my wife,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Grace E. Allen, of the City of Flint, Michigan, if she survives me, all automobiles and personal effects which I may own at the time of my death.

"*ITEM III.* I give, devise and bequeath to my wife, Grace E. Allen, if she survives me, all of my corporate stock (either common or preferred) owned by myself at the time of my death in the Allen Storage and Moving Company, a Michigan corporation, of Flint, Michigan, and one-third (⅓) of all other personal property of every kind and nature which I may own at the time of my death, not previously disposed of herein, and including but not limited to corporate stock, bonds, Certificates of Deposit, Government 'E' bonds and any bank accounts in my sole name. I also give, devise and bequeath to my wife, Grace E. Allen, if she survives me, one-third (⅓) of any real property of which I may die seized, wherever located and wherever situated.

"*ITEM IV.* The remaining two-thirds (⅔) of all other personal property of every kind and nature which I may own at the time of my death, and two-thirds (⅔) of any real property of which I may die seized wherever situated and not previously disposed of herein, I give, devise and bequeath as follows:

"One-third (⅓) thereof to my sister, Mildred Allen Weller of Phoenix, Arizona.

\* \* \*

"One-third (⅓) thereof to be divided equally between the children of Georgetta Allen Goodwin, my deceased sister. The share of any deceased child shall go to their surviving issue in equal shares. If any deceased child leaves no children surviving, such deceased child's share shall pass to the surviving children of my deceased sister.

"One-third (⅓) thereof to my sister, Zeldred Allen Hoose of Fort Meyers, Florida.

"In the event either of my sister do not survive me, her share shall go to her then surviving children. If such deceased sister shall die leaving no issue surviving, then her share shall pass to the survivors of the beneficiaries of this bequest in equal shares."

Allen's wife predeceased him. Because of this, a

controversy arose regarding who should receive the lapsed devises. We find that the will does not provide for disposition of the property and, therefore, it passes by intestate succession.

While there is no explicit residuary clause in the will, appellees claim that Item IV acts as a residuary clause and that, because they are the surviving issue of a deceased child of Georgetta Allen Goodwin, they are entitled to a portion of the lapsed devises. We disagree.

A fundamental precept which governs the judicial review of wills is that the intent of the testator is to be carried out as nearly as possible. *In re Kremlick Estate,* 417 Mich 237, 240; 331 NW2d 228 (1983); *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979). Where there is no ambiguity, that intention is to be gleaned from the four corners of the instrument. *Id.* If a will evinces either a patent or a latent ambiguity, a court may establish intent by considering two outside sources: (1) surrounding circumstances, and (2) rules of construction. *Id.* We find no ambiguity to exist in this case. The language employed is clear and intelligible and suggests but a single meaning. Item II of the will devises all of the testator's automobiles and personal effects. The initial part of Item III devises all of the testator's corporate stock in Allen Storage and Moving Company. The rest of Item III devises one-third of all other property in the estate. Item IV clearly and unambiguously devises the other two-thirds of that property. Item IV does nothing else. While Items II and III devise the property indicated therein to the testator's wife "if she survives [him]", nothing in the will indicates what happens to the property if she does not survive the testator. Item IV in no way indicates that the devisees therein are to take

the property intended for the wife in the event that she predeceased the testator.

Moreover, no latent ambiguity was shown by the evidence presented to the probate court. That evidence did not create the possibility that the language employed in the will had more than one meaning. Rather, it suggests that the testator simply did not provide for disposition of the property in question in the event that his wife did not survive him.

Appellees suggest that Item IV should be treated as a residuary clause because of a presumption that a testator, in making his will, intends that the will shall provide for the passage of his entire estate to those persons named in the will unless he expressly states that it is his intention that part of the estate shall pass as intestate property. While we agree that there is a presumption against partial intestacy, we believe that such a presumption should not be abused and should not be applied in order to create ambiguities which do not exist. A court may not construe a clear and unambiguous will in such a way as to rewrite it. There is no residuary clause in this will and we refuse to create one.

The trial court erred by concluding that Michigan law would not permit partial intestacy. Michigan law does, of course, "permit" partial intestacy. For instance, if a will disposes of only one small specific item out of a large and valuable estate, it would be absurd to hold that the devisee of that one small item is entitled to the remainder of the estate. The trial court apparently relied on the rule of construction provided in MCL 700.133(3); MSA 27.5133(3) which provides, "A will is construed to pass all property which the testator owns at death, including property acquired after the execution of the will." This rule of construction is

to be applied unless a contrary intention is indicated by the will. MCL 700.133(2); MSA 27.5133(2). We must stress that this statutory provision is simply a rule of construction. It is inapplicable when there is nothing to construe. The provision allows a court to construe a will so that property acquired after execution of the will may be disposed of by that will. It does not negate other provisions of the Probate Code which explicitly recognize that a portion of an estate may pass by intestate succession. See MCL 700.104; MSA 27.5104.

As noted earlier, this will did not provide for a disposition of the property in the event that the wife predeceased the testator. We will not use the presumption against intestacy to create a bequest which the testator has clearly failed to indicate. *In re Shaw Estate,* 138 Mich App 751, 754-755; 360 NW2d 921 (1984), *lv den* 422 Mich 928 (1985). We cannot create a clause in order to compensate for the testator's oversight. If we attempted to discover what the testator *would have* done with the property if he had realized that he did not provide for its disposition, we would no longer be interpreting the will. There is no need for this Court to guess as to what the testator would have done. The rules of intestate succession have specifically provided for situations where a deceased did not provide for the disposition of his property. The Legislature has determined that those of a closer degree of kinship to the deceased should take over those of more remote degree. See MCL 700.106; MSA 27.5106. Because a reading of the will as a whole leaves one with the clear impression that the testator did not provide for an alternate disposition of the property, it passes by intestate succes-

sion. The decision of the probate court is therefore reversed and the case is remanded for proper disposition of the property.

Reversed and remanded.