PER CURIAM.
In this case, we are called upon to discern the group of individuals who may take under the residuary clause of the testator’s will. Petitioner maintains that the residuary clause includes only the surviving siblings of the testator and her late husband, to the exclusion of the surviving heirs of predeceased siblings. In lieu of granting leave to appeal, we would affirm the judgment of the Court of Appeals and hold that the probate court correctly construed the will in petitioner’s favor. The class, “brothers and sisters,” was *50 unambiguously qualified and limited by the phrase “that survive me.” This qualification clearly indicated the testator’s intent to exclude her predeceased siblings and their heirs from the class of devisees.
FACTS AND PROCEDURAL HISTORY
On January 15, 1979, testator Alice Raymond and her husband Claude Raymond executed mirror-image wills, both leaving their estates to one another upon death.[1] Claude Raymond predeceased the testator in February 2000, and Alice Raymond died at the age of 88 in February 2005. Because the testator’s spouse was already deceased, the residuary clause of the will came into effect. It provided that the remainder of the estate would be divided as follows:
A. Fifty (50%) per cent thereof to my brother[s] and sisters that survive me share and share alike or to the survivor or survivors thereof.
B. Fifty (50%) per cent thereof to the brothers and sisters of my husband that survive me, share and share alike or to the survivor or survivors thereof.
The testator had eight siblings, but at the time of her death, only two of her siblings were alive. Likewise, the testator’s spouse had eight siblings, but only three of her deceased husband’s siblings were alive at the time of the testator’s death. The petitioner in this case is one of the testator’s surviving brothers. The respondents are some of the children and grandchildren of the deceased siblings of Alice and Claude Raymond.
In June 2005, petitioner filed a petition for probate followed by a petition to construe the will. Petitioner argued that only the surviving siblings of the testator *51 and her husband could take under the clear terms of the will. Respondent maintained that the will provided for “the survivor or survivors” of the deceased siblings of Alice and Claude Raymond. Following a hearing, the probate judge agreed with petitioner and denied respondents a share of the estate, reasoning:
I think in reading the clause one has to look at the first phrase, “Fifty per cent thereof to my brothers and sisters that survive me,” then there is a coma [sic]. It would appear to this court that the group Ms. Raymond was dealing with were to [sic] her brothers and sisters. Then she qualified that group by “those who survive me.” The remaining clause, in this court’s eyes, would be descriptive of the earlier group, the earlier group being “my brothers and sisters that survive me.” The remaining phrase, “to share and share alike or to the survivors thereof” would mean to my brothers and sisters, those who predecease me, to those that are left, to share and share alike and to the survivors thereof.
The Court of Appeals affirmed. The majority held that, under the plain language of the will, only the testator’s surviving siblings and siblings-in-law could receive a share of the estate, and that the will granted nothing to the descendants of predeceased siblings. Because the testator limited the class of “brothers and sisters” to those who survived the testator, this indicated the testator’s intent to exclude any predeceased siblings from the class of devisees.
The Court of Appeals majority further held that the phrase “share and share alike” evinced the intent to bestow a per capita distribution among the surviving siblings. The Court of Appeals majority reasoned that the second clause of the bequest — “or to the survivor or survivors thereof” — modified “my brother[s] and sisters that survive me,” confining membership to testator’s surviving siblings.[2]
*52 The dissenting judge believed that the plain language of the provision indicated that the estate should be shared by both the surviving siblings and the heirs of the deceased siblings. The dissent believed that the majority’s interpretation was illogical and redundant, and that the phrase “survivors thereof” must refer to someone other than the surviving siblings. Specifically, the dissenting judge believed that the phrase must refer to the descendants of the predeceased siblings.[3]
The respondents appealed in this Court. We heard oral argument on the application for leave to appeal, and now we would affirm the judgment of the Court of Appeals.
ANALYSIS
“The primary goal of the Court in construing a will is to effectuate, to the extent consistent with the law, the intent of the testator.”[4] To accomplish this, a court gives effect to the drafter’s intent as indicated in the plain language of the will.[5] The will must be read as a whole and harmonized, if possible, with the intent expressed in the document. If there is no ambiguity, the Court is to enforce the will as written.[6] However, if the intent of the testator cannot be gleaned solely by reference to the will because there is an ambiguity, the Court may discern the intent of the testator through extrinsic sources.[7] *53 Additionally, while the probate court’s factual findings are subject to review for clear error,[8] a probate court’s construction of a will is a question of law subject to de novo review.[9]
The substantive portions of the testamentary provisions are identical, providing for “[f]ifty (50%) per cent thereof to the brothers and sisters that survive me, share and share alike or to the survivor or survivors thereof.” We agree with the probate court’s ruling in this case that the identified group who may take under the terms of the residuary clause is comprised of the brothers and sisters of Alice and Claude Raymond. However, that group does not include all siblings, but is limited by the phrase “that survive me.” Thus, the inclusion of this express limitation necessarily precludes those siblings who predeceased Alice Raymond from taking a portion of the testator’s estate under the residuary clause.
We further agree with the probate court that the remaining clause “or to the survivor or survivors thereof” necessarily references the group described earlier in the disjunctive phrase — the surviving brothers and sisters. This is consistent with In re Holtforth’s Estate, 298 Mich 708; 299 NW 776 (1941); and In re Burruss Estate, 152 Mich App 660; 394 NW2d 466 (1986). As Justice COOLEY noted in Eberts v Eberts, 42 Mich 404, 407; 4 NW 172 (1880), when a will “only makes the gift to persons who survived the testat[or] there is nothing to go to the issue of others who died before [}he did.” (Emphasis added.)[10]
*54 While the testamentary phrase was imperfectly worded, any other construction, such as that advanced by the Court of Appeals dissent, would permit a gift to the predeceased siblings of the testator, a group that was specifically excluded by the plain language of the will.
We would affirm.
Kelly, C.J., and Corrigan and Young, JJ., concurred.

 Each will provided that any debts, taxes, funeral costs, or administrative expenses would be paid out of the estate first.

 In re Raymond Estate, 276 Mich App 22; 739 NW2d 899 (2007).

 Id. at 35-41 (Murphy, J., dissenting).

 In re Edgar Estate, 425 Mich 364, 378; 389 NW2d 696 (1986). See also Hay v Hay, 317 Mich 370, 397; 26 NW2d 908 (1947), Dodge v Detroit Trust Co, 300 Mich 575, 598; 2 NW2d 509 (1942), and In re Churchill’s Estate, 230 Mich 148, 155; 203 NW 118 (1925).

 In re Jamieson Estate, 374 Mich 231; 132 NW2d 1 (1965).

 In re Butterfield Estate, 405 Mich 702; 275 NW2d 262 (1979); In re Lowrie’s Estate, 294 Mich 298; 293 NW 656 (1940).

 Id.

 In re Wojan Estate, 126 Mich App 60; 337 NW2d 308 (1983); In re Burruss Estate, 152 Mich App 660, 663-664; 394 NW2d 466 (1986).

 In re Bem Estate, 247 Mich App 427, 434; 637 NW2d 506 (2001).

 Although “words of survivorship ... are not, in the absence of additional evidence, a sufficient indication of an intent contrary to the application” of the antilapse statute, MCL 700.2603(1)(c), we agree with the Court of Appeals majority that
*54 the language of the residuary clause taken as a whole— specially taking into account the use of the three separate statements: “that survive me,” “share and share alike,” and “the survivor or survivors thereof” — expresses an intent to make a provision for the death of the beneficiaries in a manner contrary to that provided for in the antilapse statute.” [In re Raymond Estate, supra at 35, citing in re Burruss Estate, supra at 663, 665; In re Holtforth’s Estate, supra at 710-711).]