# STATE OF MICHIGAN

# COURT OF APPEALS

In re JOSEPH W. BROOKS III TRUST NUMBER
ONE.

CHARLES FRANKLIN WALKER,

        Petitioner-Appellant,

v

JOSEPH W. BROOKS III TRUSTEE,

        Respondent-Appellee.

UNPUBLISHED
October 23, 2014

No. 314619
Ingham Probate Court
LC No. 10-001791-TV

Before: HOEKSTRA, P.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

Petitioner Charles Franklin Walker appeals the order allowing payments from a trust. We reverse.

This case centers on a trust that respondent Joseph W. Brooks established for his wife, Edwina, to use during her lifetime. The testimony established that Brooks arranged the trust in question so that Edwina could have her own money to spend, and to avoid taxes. The trust was established with $467,857.52, and Brooks was the trustee. The trust also provided that the principal could be spent for Edwina's "health, support or maintenance." Upon her death, the residue of the trust was to be split, with one-half going to her son, Walker, and the other one-half being divided equally among three of her grandchildren. These three grandchildren had been orphaned as children, and Edwina, through her trust, paid $361,431.47 for their graduate school educations. Much of the dispute in this case focuses on the payments given to these grandchildren, as well as a payment of $52,025.20, which was given to the Maranatha Baptist Church scholarship fund.

Edwina died on November 3, 2009. On December 9, 2010, Walker filed a petition seeking the removal or suspension of Brooks as trustee and a full accounting of trust assets from the date of the trust's creation until the present. Following proceedings in the trial court in which some distributions from the trust were approved and some were disallowed, the remaining trust proceedings were distributed. Walker's share of the remaining proceedings was $3,968.72.

-1-

On appeal, Walker first argues the trial court erred in ruling that the term "health" included Edwina's mental and spiritual health, including the health of her soul. We agree.

We review de novo the proper interpretation of statutes and trusts. *In re Reisman Trust,* 266 Mich App 522, 526; 702 NW2d 492 (2005). Our primary responsibility is to ensure that the intent of the settlor be carried out as nearly as possible. *In re Allen Estate,* 150 Mich App 413, 416; 388 NW2d 705 (1986). Because the trust document is unambiguous, the intention to be ascribed to the settlor is that demonstrated in the document's plain language. *In re Dodge Trust,* 121 Mich App 527, 542; 330 NW2d 72 (1982). A court may not construe a clear and unambiguous will or trust in such a way as to rewrite it, *In re Allen Estate*, 150 Mich App at 417, and, where possible, each word should be given meaning. *Detroit Bank & Trust Co v Grout,* 95 Mich App 253, 268-269; 289 NW2d 898 (1980). We review for clear error a trial court's findings of fact. *In re Raymond Estate*, 483 Mich 48, 52-53; 764 NW2d 1 (2009).

In this case, the trial court properly consulted a dictionary to find the meaning of the word "health." Walker acknowledged that "health" included the concept of the well-being of a person's mind as well as body. Walker objects to the inclusion of the well-being of a person's soul in the definition of health, and we conclude the trial court erred in its decision. *Black's Law Dictionary* (9th ed, 12) defines "health" as the state of being "hale, sound, or whole in body, mind or soul." The trial court erred in considering how the gifts from the trust benefitted Edwina's soul; we believe that the health of the soul should not be augmented by giving gifts. Moreover, Walker's contention that the trial court's definition of "health" was improperly subjective and more akin to a definition of "happiness," is correct. The trial court properly examined the traditional dictionary definitions for the word "health" and found it to include such concepts as mental health and the health of one's mind, spirit and soul. But, the trial judge was overly inclusive in his interpretation of "mental health." We believe that the care of mental health should include such things as psychological exams and treatment, not anything that makes a person "feel good." This interpretation could mean that anything could be considered a "health" benefit as long as it made Edwina happy. Because the trial court erred in construing the term "health" to include anything that made Edwina happy, we conclude that the trial court clearly erred in finding that trust distributions to Edwina's three orphaned grandchildren and the church scholarship fund were for the benefit of Edwina's health. The trust was for Edwina's health, support and maintenance not for the health, support and maintenance of third parties.

After incorrectly determining that Edwina's "health" included her mental and spiritual health, the trial court improperly ruled that gifts to her grandchildren and church were consistent with the trust provisions. The idea that a woman whose adult daughter and adult son-in-law had died might benefit mentally and spiritually by paying for educational expenses of the three children left behind is kind, but it does not fall into the category of "health." Moreover, it was also improper for the trial court to find that the health of Edwina's mind and soul was benefitted by giving funds to a church scholarship fund. Again, the provision of the will was for her health, support, and maintenance, this cannot be construed as whatever made her feel good. In short, the trial court erred in finding the gifts from the trust benefitted Edwina's overall health.

Because the trust payments given to the grandchildren and the church do not qualify as benefits to Edwina's health, we find that the trial court erred in its ruling that Brooks did not breach his duty as trustee.

It is the duty of the trustee to administer the trust in good faith expeditiously, in accordance with its terms and purposes for the benefit of the trust beneficiaries, MCL 700.7801, and to control and protect the property of the trust. MCL 700.7810.

Walker acknowledges that Brooks is a generous person, but contends that Brooks failed to follow the law when he arranged for approximately $542,000 to be distributed from Edwina's trust. Walker asserts that the distribution to the grandchildren was a violation of the trust because the language in the trust refers only to Edwina's "health, support, and maintenance," and contends that the trust was actually set up for the future benefit of the residuary beneficiaries, including himself. Walker argues that by allowing trust payments to people and charities for such a subjective reason as Edwina's mental health, Brooks as trustee breached his duty to abide by the trust terms and protect the trust. We agree with this argument.

We disagree with the trial court that Brooks did not breach his fiduciary duty. Moreover, we disagree with the trial court's words to counsel for petitioner that the fight in the present case was really between Walker and his sister's orphaned children over money that did not belong to Walker.

Clearly Walker was disappointed that he did not receive more of the residue of the trust when his mother died. His attempt to increase his share of the residue by arguing breach of duty has merit. Brooks, in an attempt to be generous with his new wife, gave her a large sum of money. She used portions of that money to assist her orphaned grandchildren and to assist a religious institution about which she cared. These financial gifts were not within the scope of the trust as the language provided. Brooks discussed these gifts with Edwina, and he improperly wrote checks from the trust in order to accommodate her desires. Brooks' intent was to be generous; however, he was misguided with regard to Edwina's use of the trust. Under the circumstances, we find that Brooks failed to act, in accordance with its terms and purposes for the benefit of the trust beneficiaries, MCL 700.7801, and to control and protect the property of the trust. MCL 700.7810.

Finally, the trial court failed to give effect to the settlor's intention in making its findings. The trust was set up by Brooks for Edwina's health and well-being, not for a third party's benefit. We review for clear error a trial court's determination about the settlor's intention in creating a trust. *In re Miller v Dep't of Mental Health*, 432 Mich 426, 434; 442 NW2d 617 (1989); *In re Sykes Estate,* 131 Mich App 49, 54; 345 NW2d 642 (1983).

In construing wills or trusts, the intention of the settlor or testator is paramount. *In re Sykes Estate,* 131 Mich App at 54. As to those matters which the settlor has left to the discretion of the trustee, the courts will not interfere with the trustee's exercise of his discretion unless the trustee has abused his discretion. *Id*. However, we find that the trustee did abuse his discretion by overreaching the terms of the trust.

The testimony presented below clearly established Brooks' intent in creating the trust. Brooks testified that he wanted Edwina to have her own money. When asked if the trust was for both his wife and for her children, Brooks clearly testified that the trust was for Edwina. Brooks also testified that the trust was for Edwina's health, support and maintenance, and that all the payments made from the trust were, in fact, for her health, support or maintenance. We would

highlight Brooks' testimony indicating that this money was specifically for Edwina and Edwina alone.

The evidence presented clearly supports Brooks' position that the trust was meant to be used for Edwina's health, support and maintenance. Walker has presented no evidence to support his position that the trust was actually set up for his future benefit and that of the three grandchildren. The trust contained a standard provision in the trust for residual beneficiaries, but Brooks testified that his purpose in establishing the trust was so that Edwina could have funds to use for her health, support and maintenance. As much as Walker might have desired more of a residue when his mother died, the true issue is not that Walker did not get the money he sought, but that the terms of the trust were violated by Brooks.

Reversed.

/s/ David H. Sawyer