# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of JAMES A. ZIELSKE.

| | |
|---|---|
| ELIZABETH PORTER ZIELSKE, Personal Representative of the Estate of JAMES A. ZIELSKE, | UNPUBLISHED<br>September 22, 2016 |
| Petitioner-Appellee, | |
| v | No. 327808<br>Mecosta Probate Court |
| ELIZABETH A. ZIELSKE, | LC No. 13-000372-DE |
| Respondent-Appellant. | |

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

MURRAY, P.J. (*concurring in part and dissenting in part*).

I concur with the majority's resolution of the issues within Sections II and III of the opinion, but dissent from its holding in Section IV. In my view, the testator clearly intended to devise the real and personal property located at 20550 180th Avenue to petitioner, with any remaining real or personal property located elsewhere being divided by the residual clause.

Giving the entire language of the will a straightforward and plain reading, the testator devised "all" of his property "of whatever kind and wherever found" in two ways: (1) he devised his "residence and property located at 20550 180th Avenue" to petitioner, and (2) the remainder of "any" property "wherever found" was to be distributed equally between petitioner and respondent. Although most lawyers know that property includes both real and personal property, the testator made no distinction between the two, and therefore awarded both to petitioner, so long as it was located at the address set forth in the will. The house was also included in this devise, because as the majority opinion recognizes, "residence" is defined as "a house or other fixed abode." *Black's Law*

-1-

*Dictionary* (10th ed).[1]  Consequently, in subparagraph A of the second section of the will the testator devised to petitioner the house *and* property located at that address, without distinguishing between real and personal property, with the *only* limitation being that the property be located at that address. Whatever other property testator owned at the time of his death that was *not* located at 20550 180th Avenue was to be distributed through the residual clause.  This is made equally clear in paragraph B where testator repeated (thus emphasizing) that the residual clause was to dispose of his property "wherever found," helping to distinguish property found "wherever" from property found at 20550 180th Avenue.  This is the most common understanding of the plain language contained in the will, *In re Estate of Raymond*, 483 Mich 48, 52; 764 NW2d 1 (2009), and I would enforce it as such.

Finally, respondent argues that her affidavit testimony, and the majority concludes that the personal property in the residence and on the real property, constitutes evidence creating a latent ambiguity.  I am not persuaded.  All the affidavit testimony shows is that the testator wanted to leave the farm land "in the family."  But since the will's language is clear as to the testator's intent (and in fact leaves it to his wife, a member of testator's family), and the affidavit does not otherwise call into question the meaning of the language used, no latent ambiguity is created.  And, the existence of both real and personal property in the residence and on the land does not create a latent ambiguity in light of the plain language of the will.  See *Zilwaukee Twp v Saginaw Bay City Ry Co*, 213 Mich 61, 70; 181 NW 37 (1921).

Though for slightly different reasons, I would affirm the trial court's order.


/s/ Christopher M. Murray

---

[1] I disagree with the majority's statement that testator's use of "residence" was "contrary to its usual connotation."  When applying the most relevant definition given the context of its use in the will, the testator's use of "residence" was quite natural, as he was devising his home located at that address.