*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF JOSEPH STEPHEN WILLIAMS.

---

JOSEPH F. WILLIAMS,

        Appellant,

v

BRADLEY J. SELVIG, Personal Representative of
the ESTATE OF JOSEPH STEPHEN WILLIAMS,

        Appellee,

and

MARIE E. REICHERT, DAKOTA WILLIAMS,
DAVID WILLIAMS, BLAKE WILLIAMS,
VICTORIA SELVIG, and ASHLEY SELVIG,

        Other Parties.

UNPUBLISHED
February 10, 2022

No. 356227
Kent Probate Court
LC No. 11-191297-DE

---

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Appellant, Joseph F. Williams, appeals as of right the order denying his petition for payment of Australian life insurance benefits to the beneficiaries under a policy issued to his son, Joseph S. Williams (the decedent). We affirm.

## I. FACTUAL BACKGROUND

This Court summarized the facts in its opinion related to appellant's earlier appeal of the probate court's grant of summary disposition in favor of Bradley J. Selvig, brother of the decedent and personal representative of the estate, in a case in which appellant petitioned for the invalidation of the decedent's will. See *In re Williams Estate*, unpublished per curiam opinion of the Court of

-1-

Appeals, issued July 20, 2017 (Docket No. 332993). The decedent began working as a chef at Club Med in Australia in November 2010 and through his employer obtained membership in the Intrust Superannuation Fund, which paid a benefit upon his death. The membership application permitted identification of two distinct classes of death beneficiaries, "binding" and "preferred." The decedent named his aunt, Marie Reichert, and appellant as preferred beneficiaries and signed the application. The application specified that the nomination of preferred beneficiaries "will be used by the Trustee as a guide only and that the Trustee is not in any way bound by [the] nomination when exercising its absolute discretion to pay [the] benefit in Intrust Super."[1]

During 2011, decedent visited appellant in Ohio, but in May 2011 he was diagnosed with cancer and began undergoing treatment there. On September 23, 2011, while living with appellant in Ohio, decedent executed a will leaving all of his property to appellant and appointed appellant as executor. This will did not identify any of the decedent's assets and contained no mention of the Intrust death benefit. Shortly after executing the will in Ohio, decedent was airlifted to a hospital in Grand Rapids, Michigan for medical treatment which proved unsuccessful leading to his transfer to a hospice care facility near Grand Rapids. On October 4, 2011, decedent executed a new will naming his brother Bradley as personal representative, specified bequests of various items of the decedent's personal property, and left the remainder of his property to the decedent's nieces, Bradley's daughters, but made no mention of the Intrust Super death benefit. Decedent passed away on November 7, 2011.

On November 29, 2011, appellee applied for informal probate of the October 4, 2011 will. The parties were initially unaware of the existence or amount of the decedent's Intrust Super death benefit. An inventory filed by appellee on March 28, 2012, stated the total value of decedent's property at $320. On January 12, 2013, appellee informed Reichert of her beneficiary status in a "small insurance policy in Australia" that was "worth a little over $700." At a March 4, 2013 hearing in the probate court, appellant's counsel asserted that the assets of the estate totaled less than $500. Appellee's counsel disclosed the existence of the Intrust Super death benefit, but stated the value as approximately $700. Addressing the court, appellee asserted that he needed appellant to "sign off on it that he would release it for the estate or not release the money, and the money

---

[1] Decedent's Intrust Super Member Statement submitted by appellant to the probate court specified the following regarding beneficiaries consistent with the application he completed:

**Beneficiaries - Binding nominations**

If you have valid binding nominations, then if you die, your death benefit must be paid to the dependants [sic] you have nominated for your account. You must meet certain conditions to ensure your nomination is valid. To make a binding nomination, complete and return a Binding Death Benefit Notice to the Trustee form, which is available at www.intrust.com.au or by calling 132 467. Your nomination will remain current for three years from the date the form is signed.

**Beneficiaries - Non-binding nominations**

In cases of non-binding nominations, the Trustee has absolute discretion in deciding who and in what portions the benefit will be paid to, but will normally be guided by your wishes.

would then basically go to him," and he stated his belief that appellant and Reichert were named as beneficiaries of the Intrust Super life insurance policy. Appellant's counsel asserted that it was not appellant's intention "to attack the will, to set aside the will." He also stated that appellant had never seen the insurance policy, had not known the identity of the beneficiaries before that day, and that the policy "was going to pass outside the will by the contract anyway, and it's, your Honor, was $700 there."

On February 18, 2013, however, an Intrust Super death benefit summary stated the account balance as $702, the insurance amount as $300,000, and the total benefit as $300,702. The summary listed appellant and Reichert as beneficiaries and listed appellee as personal representative of the decedent's estate. It also specified that decedent had made no binding nomination.

After the Intrust Superannuation Fund trustee determined that the death benefit would be paid to appellee, as personal representative of the decedent's estate, Reichert filed a complaint with the Superannuation Complaints Tribunal, disputing the decision to award the death benefit to the estate. On September 6, 2013, the tribunal affirmed that the total death benefit of $300,687.93 would be paid to appellee as personal representative. Appellant also disputed the Intrust Super trustee's decision and initiated legal proceedings in Australia that were not concluded until May 2019, with a decision by the High Court of Australia dismissing appellant's appeal.

While appellant challenged the decision in Australian courts, the proceedings in the Kent Probate Court continued. On July 2, 2015, appellant petitioned the court to deny admission of the October 4, 2011 will to probate and requested that it admit the September 23, 2011 will "as the Last Will of the decedent." Appellant contended that the October 4, 2011 will did not represent the decedent's wishes, was induced by fraud, duress, and undue influence, and "benefits the children of Bradley J. Selvig to the exclusion of decedent's father, Joseph F. Williams." Appellee moved for summary disposition under MCR 2.116(C)(10) on the ground that "decedent had sufficient mental and physical capacity to make a valid will," that decedent executed the will of his "own free act and deed," and that execution of the will was "not induced by fraud, duress, or undue influence." In response, appellant contended that no dispute existed that the decedent wanted Reichert and appellant to receive the Intrust Super death benefit, that decedent named appellant as beneficiary in order to repay him for debts incurred on the decedent's behalf, that he did not understand that under the October 4, 2011 will the Intrust Super death benefit would be paid to his nieces rather than to appellant and Reichert, and that there was no evidence that the decedent intended that his nieces receive the death benefit.

At a hearing on April 18, 2016, the probate court noted that an Australian appellate court had "ruled that the funds are properly placed in the estate and not to an individual person." The probate court ruled that the evidence showed that decedent was capable of making a will, there was no evidence of undue influence, and decedent understood the nature and extent of his property, as shown by devises of his personal property and his residual estate. The probate court further ruled that it must give full faith and credit to the decision of the Australian court and attached no significance to the fact that the Intrust Super fund was not listed in either will. The probate court, therefore, granted summary disposition.

Appellant appealed to this Court, which affirmed the probate court's decision ruling that the probate court did not err by holding that appellant failed to establish a genuine issue of material fact regarding the decedent's ability to understand the general nature of his act in signing the October 4, 2011 will. *In re Williams*, unpub op at 5. Addressing appellant's contention that appellee and the decedent's mother unduly influenced the decedent, this Court noted that appellant had cited no authority supporting his contention and had abandoned the issue on appeal. *Id.* at 6. Moreover, this Court observed, "opportunity, motive, or the ability to control, without proof that such was in fact exercised, is insufficient to establish undue influence." *Id.* This Court concluded that the probate court did not err by granting summary disposition in favor of appellee. *Id.*[2]

Appellee continued administration of the estate while proceedings continued in the Australian courts. On June 11, 2019, Intrust Super informed appellee, as personal representative of the decedent's estate, that the amount payable to the estate was $300,565.98. By November 6, 2019, this amount had been paid to the estate.

On April 14, 2020, appellant filed a notice of continued administration that he signed claiming himself to be the personal representative of decedent's estate, which stated that he had submitted an inquiry to the High Court of Australia and had discovered new information. His notice requested that he be allowed to present this information to the probate court. Nearly four months later, appellant, proceeding *in propria persona*, also filed a petition asserting that decedent had an Australian life insurance policy that had been paid to the estate in 2019 and that the two beneficiaries of that policy had not been paid by the estate. Appellant requested an order that "the Executor pay the beneficiaries of Joseph S. Williams life insurance policy as soon as possible." In December 2020, appellant filed six documents in the probate court that he anticipated using as exhibits, including the decedent's Intrust Superannuation Fund application and correspondence between Intrust Super, Reichert, and appellee. Notably, appellant did not file copies of any Australian court decisions.

Appellee opposed the petition on December 11, 2020, because decedent's beneficiary designation had been deemed invalid by the Intrust Superannuation Fund trustee, multiple Australian courts had upheld that decision, and "[f]ollowing extensive litigation over a five-year period, the Australian Courts ordered the policy to be paid to the Estate." Appellee asserted that "[t]he Superannuation Tribunal, the Federal Court of Australia, and the Australia High Court have all denied Petitioner's assertion that he is a valid beneficiary," and contended that appellant sought the probate court to rule on a question of Australian law and to overturn the decisions of the Australian courts. In support, appellee attached two documents that appear to be orders of Australian courts, but did not attach any opinions of those courts. Appellee also argued that the petition was frivolous under MCL 600.2591(3)(a) and requested an award of costs and attorney fees, contending that appellant had no reasonable basis to believe that he was entitled to any portion of the death benefit, his position was devoid of arguable legal merit, and the petition was filed simply to harass appellee.

---

[2] On August 31, 2017, petitioner filed an application for leave to appeal to our Supreme Court which it denied on February 20, 2018. *In re Williams Estate*, 501 Mich 977; 906 NW2d 791 (2018).

Appellant replied that appellee misstated both the law and the facts. Appellant purported to explain Australian law, asserted that insurance benefits may be distributed to preferred beneficiaries directly, to interdependent family members, or to the decedent's estate for distribution by the probate court. Appellant then argued that Intrust declined to distribute the benefit directly to the preferred beneficiaries, that he unsuccessfully attempted to establish interdependency through the Australian courts, and "[t]hus, the third option was undertaken: distribution of the life insurance policy to the Estate." Appellant contended that the Australian courts focused their analysis on the existence of an interdependency relationship between the decedent and appellant, and adamantly asserted that the Australian courts never found that he and Reichert were not valid beneficiaries of the death benefit, but instead, acknowledged that he and Reichert were beneficiaries designated by the decedent. Appellant contended that, although Australian law permitted the trustee to decline to pay the death benefit to preferred beneficiaries, Michigan law did not allow such discretionary payment of benefits and, pursuant to MCL 500.2207, the estate was obligated to pay the death benefit to the designated beneficiaries.

At a hearing held by the probate court on January 4, 2021, appellant, again proceeding *in propria persona*, attempted to describe his interactions with decedent regarding the insurance policy and asserted that decedent nominated Reichert and appellant as beneficiaries because of the support both gave him during his life. After the probate court found his testimony hearsay, appellant then focused on reviewing the documentary evidence, asserting that his and Reichert's status as beneficiaries had never been challenged by the Australian courts which focused on whether he met "the interdependency standard under Australian law." Appellant argued that even though decedent had named him as a preferred beneficiary, there were other categories, such as interdependency, under which he could apply for benefits, because he had provided funds to decedent.

Appellee's counsel responded that the Australian courts had determined that the beneficiary designation was invalid because, under Australian law, a nominated beneficiary must be a dependent or the legal personal representative of the member, and in order to qualify as a dependent, appellant had to be in an interdependency relationship with decedent. Counsel asserted that he had lengthy opinions from the Superannuation Complaints Tribunal that stated the reasons for their decision, which was "simply the fact that Mr. Williams and Joey Williams, they did not have an interdependency relationship." He concluded his argument with a request for attorney fees incurred from responding to the petition, in light of appellant's conduct in contesting the will, appealing to this Court and the Supreme Court, and initiating six years of litigation and appeals in Australia.

Appellant replied by again asserting that documents he had from Intrust Super and the Australian courts showed that he and Reichert were valid beneficiaries and the Australian courts did not dispute that. The probate court observed that no dispute existed that they were named as beneficiaries, but "to be given these Australian funds, they have who is dependent, and because you didn't fit that definition, then they ruled it gets paid to the estate." The probate court then denied the petition, stating:

> So the Australian courts have ruled that there wasn't a valid designation or
> beneficiary designation of the life insurance policy. The named beneficiary was
> not a spouse or a child or an interdependent, and the issue of interdependence was

-5-

again reviewed by several tribunals in Australia and ultimately ruled that it was paid to the estate. Since it has been paid to the estate, then that policy would be paid to the, if no one else, the residual beneficiaries, the nieces.

The probate court found the petition frivolous under MCR 1.109, directed appellee's counsel to submit a bill to the court, advised appellant that he had the right to challenge the bill, and stated that a hearing would be held if he did so. The probate court, therefore, entered an order denying the petition and provided that the petition "is deemed frivolous and Personal Representative may petition this Court for payment of its attorney's fees."

## II. ANALYSIS

Appellant now appeals as of right, contending that under MCL 500.2207(2), the Intrust Super death benefit must be paid to his sister and himself, as the beneficiaries designated by the decedent in the application for membership in the Intrust Superannuation Fund. We disagree.

The proper interpretation and application of MCL 500.2207 is an issue of law which is reviewed de novo by this Court. *DC Mex Holdings LLC v Affordable Land LLC*, 320 Mich App 528, 533; 907 NW2d 611 (2017). A probate court's factual findings are reviewed for clear error, but the court's construction of a will is a question of law subject to de novo review. *In re Raymond Estate*, 483 Mich 48, 53; 764 NW2d 1 (2009). "De novo review means that we review the legal issue independently, without required deference to the courts below." *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). Also, we review de novo the interpretation of an insurance contract and whether an ambiguity exists which are questions of law. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

Insurance contracts must be enforced in accordance with their terms. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). Insurance policies are subject to the same contract construction principles that apply to any other species of contract. *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id*. "A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be enforced as written." *Id*. at 468 (citations omitted). "Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract." *Id*. "The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase." *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). "[A] court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise." *Henderson*, 460 Mich at 354. Instead, contract terms should be interpreted using their plain and ordinary meanings. *Id*.

MCL 500.2207(2) does not require payment of the Intrust Super death benefits to appellant and Reichert. MCL 500.2207(2) of the Insurance Code of 1956 provides in relevant part:

> If a policy of insurance, or contract of annuity (whether heretofore or hereafter issued) is effected by any person on his own life or on another life in favor of a person other than himself, . . . or in any way made payable to any such person,

the lawful beneficiary . . . shall be entitled to the proceeds and avails (including the cash value thereof) against the creditors and representatives of the insured and of the person effecting the same, . . . ; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, . . . .

The question regarding who the lawful beneficiaries are in this case depends on the language of the policy or annuity. The Intrust Super policy's application which decedent completed and executed, unambiguously specified that, the nomination of preferred beneficiaries "will be used by the Trustee as a guide only and that the Trustee is not in any way bound by [the] nomination when exercising its absolute discretion to pay [the] benefit in Intrust Super." The policy's benefits summary document similarly stated unambiguously that in cases of nonbinding beneficiary nominations, the Intrust Super trustee had absolute discretion in deciding who and in what portions the Intrust Super death benefit would be paid, and it informed decedent that his nominations of such beneficiaries would only serve to guide the trustee's decision. In this case, decedent did not make binding nominations of beneficiaries. Instead, he named preferred beneficiaries which were nonbinding beneficiary nominations. The Intrust Super trustee, therefore, had absolute discretion under the contract's terms to determine the legal beneficiaries of decedent's Intrust Super death benefit and absolute discretion to disburse the death benefit to whom it determined. Intrust Super, in its discretion, lawfully issued the death benefit check to decedent's estate. MCL 500.2207(2) does not require or permit interference with the Intrust Super trustee's discretionary decision.

Appellant has not cited any caselaw that supports application of MCL 500.2207(2) in this case. The probate court did not explicitly address MCL 500.2207, but implicitly rejected appellant's argument that MCL 500.2207(2) required payment of the Intrust Super death benefit to appellant and Reichert. Responding to appellant at the January 4, 2021 hearing, the probate court explained its decision:

> Well, Michigan law really is being applied, number one. Australia has determined there is no valid beneficiary and it's been ordered to pay the estate. Under Michigan law, if there's no designated beneficiary, then it becomes a probate asset and not a nonprobate asset, and then it would be distributed under the terms of the will.

Consistent with the prior opinion of this Court, the probate court recognized the validity of the October 4, 2011 will and understood that the terms of the will required that the Intrust Super death benefits which were disbursed to decedent's estate be distributed pursuant to the will's residuary clause to the decedent's nieces. Moreover, the probate court's decision comports with the plain language of the policy which the Australian courts properly interpreted and applied to the circumstances of this case.

Appellant argues that Australian law does not dictate the distribution of funds in a Michigan estate and that the Australian courts never characterized Reichert and himself as "invalid" or "not valid" beneficiaries. He also contends that appellee's reliance on the decisions of the Australian courts is hearsay, that appellee never provided a copy of the Australian court's order to him or the court, and that the probate court erred by finding that the designated beneficiaries were invalid.

Appellant's argument hinges on his repeated assertions that the Australian courts never characterized him and Reichert as "invalid" or "not valid" beneficiaries. Appellant criticizes appellee for failing to supply him and the probate court with complete copies of the decisions of the Australian courts. This criticism is not totally devoid of merit. For example, in response to the August 20, 2020 petition, appellee attached two pages of the December 4, 2018 decision of a three-judge panel of the Federal Court of Australia, *Williams v IS Industry Fund Pty Ltd* [2018] FCAFC 529, which determined appellant's appeal from a decision of a single judge of that court, *Williams v IS Industry Fund Pty Ltd* [2018] FCA 529, and that court's appeals panel's single page order which dismissed appellant's appeal of the decision of the Superannuation Complaint Tribunal which upheld the Intrust Super trustee's decision. In addition, at the January 4, 2021 hearing on the petition appellant filed in the probate court, appellee described the decisions of Intrust Super and the Australian courts apparently without supplying full copies of those decisions to become part of the lower court record.[3]

Appellant, however, is guilty of the same conduct. In his response in support of his petition for payment of the Intrust Super death benefit, appellant admitted that he had received the Australian court decisions from his attorney and offered to make them available to the probate court but he never did so. Instead, like appellee, appellant attached only two pages of the May 13, 2016 decision of the Federal Court of Australia as an exhibit. Because appellant admitted that he had the complete decisions of the Australian courts in his possession, reversing the probate court on this ground would permit appellant to harbor error as an appellate parachute, which this Court will not allow. *See Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 613; 928 NW2d 726 (2018).

Moreover, review of the decisions of the Australian courts, not included in the probate court record, does not support appellant's contention. In the Federal Court of Australia's May 2016 opinion, the court explained that appellant "had to be a Dependant in order to come within the definition of 'Nominated Beneficiary' " and, because no evidence established that either Reichert or appellant were a dependent of decedent, appellee, as decedent's legal-personal representative, "was the only person to whom IS Industry was permitted by the Trust Deed to pay the death benefit." *Williams v IS Industry Fund Pty Ltd* [2016] FCA 524, ¶¶ 25, 26. Although the Australian courts may not have described appellant and his sister specifically as "invalid" beneficiaries, this is a distinction without a difference. Appellant and Reichert simply did not qualify as valid beneficiaries. The probate court properly accepted the Federal Court of Australia's ruling, as the transcript of the January 4, 2021 hearing reveals.

As a final consideration, appellant also seeks reversal of the probate court's order granting appellee's request for attorney fees pursuant to MCR 1.109. This issue, however, was not raised in appellant's statement of questions presented. "An issue not contained in the statement of

---

[3] The Federal Court of Australia's decision, is publicly available at https://www.judgments.fedcourt.gov.au/judgments/Judgments/fca/full/2018/2018fcafc0219. The Federal Court of Australia's decision is a public record and the Court may take judicial notice of a public record. MRE 201; *Johnson v Dep't of Natural Resources*, 310 Mich App 635, 649; 873 NW2d 842 (2015).

questions presented is waived on appeal." *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Further, the probate court's January 22, 2021 order does not specify the amount of attorney fees to be paid, but simply states that appellee "may petition this Court for payment of its attorney fees." Thus, it is not a final order under MCR 7.202(6)(a)(iv). *In re Hemminger Estate*, 463 Mich 941, 941; 620 NW2d 852 (2000).

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford