*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CLAEYS REVOCABLE LIVING TRUST.

LORAINE CLAEYS,

      Appellant,

v

THOMAS CLAEYS, Trustee of the CLAEYS
REVOCABLE LIVING TRUST,

      Appellee.

UNPUBLISHED
January 12, 2023

No. 360054
St. Clair Probate Court
LC No.  18-000604-TV

*In re* ESTATE OF BERNARD CLAEYS.

THOMAS CLAEYS,

      Appellee,

v

LORAINE CLAEYS,

      Appellant.

No. 360068
St. Clair Probate Court
LC No.  16-000211-DE

Before:  JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

In these consolidated cases, Loraine Claeys appeals as of right an order of the probate court approving the sale of certain real estate held in the Claeys Revocable Living Trust (the Trust), of which she, along with appellee Thomas Claeys, were the beneficiaries.  We affirm.

-1-

# I. FACTS

In October 2006, Bernard Claeys executed a will and, along with his wife, Terese Claeys, a revocable trust. The will placed all of his real property in the Trust, and directed that all of his real and personal property be distributed according to the terms of the Trust. The Trust provided for a few specific bequests of personal property, with the rest of the trust assets to be divided in equal shares between the two beneficiaries—Thomas and Loraine Claeys. The Trust granted its trustee broad authority to sell and distribute trust assets, which included thirteen parcels of real estate. None of these parcels was included among the specific bequests. Four of those were adjacent parcels fronting Lake St. Clair, including one containing the home where Bernard and Terese resided, 9769 Dixie Highway, and its neighboring parcel, 9765 Dixie Highway.

Terese predeceased Bernard, who then died in February 2016. The parties were designated co-personal representatives and co-trustees, respectively, for Bernard's estate and the Trust. They began administering the Trust, but from the start could not agree on how to manage the trust assets. In November 2018, appellant filed a petition to remove appellee as co-trustee and co-personal representative. After a January 2019 hearing, the probate court removed appellant from those positions, leaving Thomas Claeys as the sole trustee and personal representative.

In April 2019, appellant filed a petition requesting the four lots as an in kind distribution worth $527,000, which included 9765 and 9769 Dixie Highway, which she valued at $297,000. A hearing followed, at which appellee argued that a higher price could be obtained for the four lots if they were sold on the open market. The parties then agreed to list the four lots for $775,000. A stipulated order was entered stating that the four lots would continue to be listed, and that future sales of the Trust's real estate would require court approval before closing. In August 2019, appellant filed a second petition for distribution in kind of the four Dixie Highway lots, this time for $548,000, of which 9765 and 9769 Dixie Highway constituted $318,000. A hearing followed, at which appellee reiterated that the property was worth more than appellant's offer. Appellee had dropped the listing price for the four lots to $750,000, but offered them to appellant as an in-kind distribution worth $600,000. Appellant did not accept this offer, and the four lots remained on the market.

In August 2021, appellee petitioned the probate court for approval to sell 9765 and 9769 Dixie Highway, having found a buyer offering $420,000. Appellee's real estate broker testified that this price was above the median sales price for other properties on the lake, many of which were in better condition than 9765 and 9769 Dixie Highway. Appellant filed an objection, requesting that 9769 Dixie Highway instead be distributed to her in kind. A hearing followed, in which appellee stated that he was selling the two parcels together in order to obtain a higher price. Appellant countered that she wanted both lots as an in kind distribution valued at $420,000. The probate court approved the sale to appellee's buyer, noting the extended time and difficulties that

had been involved in administering the Trust.[1] Appellant filed a motion for reconsideration, which the probate court denied, and this appeal followed.

## II. ANALYSIS

Appellant argues that the probate court erred by approving the sale of 9765 and 9769 Dixie Highway instead of ordering them distributed to her in kind. "We review the probate court's findings of fact for clear error." *In re Redd Guardianship*, 321 Mich App 398, 403; 909 NW2d 289 (2017). "We review the probate court's dispositional rulings for an abuse of discretion," which occurs when its decision falls outside the range of reasonable and principled outcomes. *Id*.

In *In re Allen Estate*, 150 Mich App 413, 416; 388 NW2d 705 (1986), this Court stated as follows:

> A fundamental precept which governs the judicial review of wills is that the intent of the testator is to be carried out as nearly as possible. Where there is no ambiguity, that intention is to be gleaned from the four corners of the instrument. If a will evinces either a patent or a latent ambiguity, a court may establish intent by considering two outside sources: (1) surrounding circumstances, and (2) rules of construction. [Citations omitted.]

"The rules of construction applicable to wills also apply to the interpretation of trust documents." *In re Reisman Estate*, 266 Mich App 522, 527; 702 NW2d 658 (2005).

The trust property at issue was part of the estate's residue. The only direction for this residue was that it be distributed "in equal shares" between appellant and appellee. The Trust further authorized the trustee to effect distributions in kind or in cash "as it thinks fit," and to sell any real property "on such terms and for such consideration as it thinks fit." Nowhere is any piece of real property singled out. Appellant argues that a strong statutory preference for distributions in kind should be respected in this case, citing MCL 700.3906(1). We find this argument unpersuasive. MCL 700.3906(1) states, "Unless the will indicates a contrary intention, the distributable property of a decedent's estate shall be distributed in kind to the extent possible . . . ." That statutory preference for distribution in kind is thus qualified by the words "to the extent possible," as well as deference to a will that has indicated "a contrary intention." Accordingly, no authority *compelled* the probate court to respect a preference for distributions in kind.

The record also does not support the breach of fiduciary duty of which appellant accuses appellee. "A trustee shall administer the trust solely in the interests of the trust beneficiaries." MCL 700.7802(1). Further, "the courts have imposed on the fiduciary duties of honesty, loyalty, restraint from self-interest and good faith." *In re Green Charitable Trust*, 172 Mich App 298, 313; 431 NW2d 492 (1988). Appellant argues that appellee has been blocking her from obtaining the subject property for years out of spite. But our review of the record reveals a trustee attempting to

---

[1] The struggle over the four Dixie Highway lots was one of many disagreements over the management of various trust assets about which the probate court had held hearings for over five years.

get the highest possible price for valuable trust assets. The two offers appellant put forward for 9765 and 9769 Dixie Highway in 2019 were for lower amounts than the $420,000 offer appellee eventually received. Also in 2019, appellant stipulated to an order to continue to attempt to sell the property, indicating that in-kind distribution was not a necessity for her. Further, she declined an offer from appellee to receive the four lots in kind for $150,000 less than the listing price. These considerations suggest that appellee has acted honestly and in good faith.

Appellant argues, for the first time on appeal, that an in kind distribution would be preferable because of tens of thousands of dollars of savings in real estate commissions, closing costs, transfer taxes, and title insurance. However, issue-preservation requirements "impose a general prohibition against raising an issue for the first time on appeal." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). In any event, appellant does not offer evidentiary support concerning potential cost savings. Moreover, any cost savings would have to be weighed against the additional administrative burdens in time and resources of trying to balance a distribution in kind between two seemingly hostile parties, instead of simply selling the subject property and dividing the proceeds.

Appellant's offer to match the $420,000 offer came after a buyer had finally been obtained, after years of unsuccessfully listing the property for sale and ongoing contention between the parties. We agree with appellee that, after years of questions about how much the Trust's various parcels of real property were actually worth, and disputes over how much each beneficiary had withdrawn from trust proceeds, an injection of cash was preferable to frustrating the cash purchaser and starting a new struggle over how to balance a distribution in kind. The trustee presented the probate court with an offer to finally sell the property for an attractive price so that the even distribution contemplated by the Trust could actually be realized. For these reasons, we conclude that the probate court's decision to approve this sale was within the realm of reasonable outcomes, and was not an abuse of discretion.

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola